Martha B. Mihelic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lawrence F. Flick*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 9, 1979:

Martha B. Mihelic has appealed from an order of the Unemployment Compensation Board of Review which affirmed a referee's decision denying Ms. Mihelic's claim for benefits because she failed to file a timely appeal of the decision of the Bureau of Employment Security. We affirm the order of the Board.

Ms. Mihelic was discharged from her employment as a salesperson for Lord and Taylor on August 7, 1975. On August 10, 1975 she applied for unemployment compensation benefits. On August 19, 1975 the Bureau of Employment Security found Ms. Mihelic to be ineligible for benefits because she was discharged

for willful misconduct as provided by Section 402(e) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Ms. Mihelic says that she never received notice by mail of this determination and that she did not learn of the Bureau's decision until September 16, 1975, at which time she filed an appeal. After a hearing, a referee found that notice of the Bureau's determination had been mailed to Ms. Mihelic on August 19, 1975 and concluded that her appeal was untimely filed under Section 501(e) of the Law, 43 P.S. §821(e), which at that time provided:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.[1]

The Board of Review affirmed the referee's decision and Ms. Mihelic appealed to this Court. On September 14, 1977, upon representations by counsel for the Board that the record was incomplete, we remanded the record to the Board for additional testimony and a new decision. The Board appointed a hearing officer, who conducted a second hearing at which Ms.

---

[1] Section 501(c) was amended by the Act of April 14, 1976, P.L. 113, §1 to provide a fifteen day appeal period effective the date of the act.

Mihelic and representatives of the Bureau testified as to when notice of the Bureau's August 19, 1975 determination was given. Based on this testimony, the Board found that Ms. Mihelic's appeal was filed more than ten days after notice was mailed and again affirmed the decision of the referee. This appeal by Ms. Mihelic followed.

The issue on the facts was whether notice of the Bureau's denial of benefits was mailed to Ms. Mihelic on August 19, 1975. Where notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period provided in Section 501(e) of the Law. *DeVito Unemployment Compensation Case,* 199 Pa. Superior Ct. 606, 186 A.2d 639 (1962). Ms. Mihelic argues that there is not substantial evidence that notice was mailed on August 19, 1975 or indeed that a determination was made by the Bureau on that or any other date. Her case is based on the facts that a copy of the Bureau's notice of determination required to be sent to her was not in the Bureau's files and that in her case, apparently unusually, a notice of financial eligibility was received at the local Bureau office after rather than before the determination of claim eligibility was made. These circumstances she says demonstrate such administrative fecklessness as to compel the inference that no notice of determination was sent to her. Her argument based on the Bureau's lack of a copy of her notice is somewhat disingenuous; the evidence was that at that time the Bureau kept no such copy. We are at a loss to understand how the late receipt by the local office of the notice of financial eligibility requires a finding that a notice of determination of claim eligibility was not sent.

In any case, the record contains the Bureau's UC-100 card which bears a notation that Ms. Mihelic was determined to be ineligible for benefits on August 19, 1975 because of willful misconduct. Ms. Thora Bunch, a Claims Examiner for the Bureau, testified that she made the notation on the UC-100 card and that on the same day she personally prepared a notice of determination letter for mailing to Ms. Mihelic. Mr. Daniel DeLucca, a Termination Supervisor, testified that he personally mailed all notices at the end of each day and that he did so on August 19, 1975. Ms. Bunch and Mr. DeLucca both testified that the mail containing notice was not returned by the postal authorities. This evidence fully supports the findings of the referee and the Board that the notice was sent and not returned.

### ORDER

AND Now, this 9th day of April, 1979, the order of the Unemployment Compensation Board of Review is affirmed.