IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nadine I. Lex,                                 :
                    Petitioner                 :
                                               :
          v.                                   : No. 986 C.D. 2015
                                               : Submitted:  October 2, 2015
Unemployment Compensation                      :
Board of Review,                               :
                    Respondent                 :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                      FILED: October 23, 2015


          Nadine I. Lex (Claimant) petitions *pro se* for review of the order of

the Unemployment Compensation Board of Review (Board) affirming the decision

of the Unemployment Compensation Referee (Referee) finding Claimant's appeal

untimely under Section 501(e) of the Pennsylvania Unemployment Compensation

Law (Law).[1]  Finding no error in the Board's decision, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§821(e).  Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the
> claimant files an appeal with the board, from the determination
> contained in any notice required to be furnished by the department
> under section five hundred and one (a), (c) and (d), *within fifteen*

**(Footnote continued on next page…)**

Claimant was employed by The Hershey Company (Employer) and filed for unemployment compensation benefits upon separation, effective December 28, 2014. On December 30, 2014, Claimant updated her address with the Pennsylvania Department of Labor and Industry (Department).[2] On February 2, 2015, the Scranton Unemployment Compensation Service Center (Service Center) mailed Claimant by first-class mail its determination disqualifying her from benefits because she had not registered for employment search services at www.jobgateway.pa.gov. This determination was sent to the updated address and notified Claimant that the final day to file a valid appeal of the determination was February 17, 2015. The mailing was not returned as undeliverable.

On March 2, 2015, Claimant appealed to the Referee and a hearing was ordered to determine whether the appeal was timely. Before the Referee,

---

**(continued…)**

> *calendar days* after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith. (Emphasis added).

If an appeal is not filed within 15 days of mailing, the determination becomes final and the Board is without jurisdiction to consider the matter. *Roman–Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n. 1 (Pa. Cmwlth. 2009).

[2] We note, though, that on January 19, 2015, Claimant received a warning letter at her old address that if she did not register on the www.jobgateway.pa.gov website that she would be disqualified from benefits beginning the week ending January 31, 2015. All other notices were sent to her updated address.

Claimant testified that her untimely appeal was due to her not having received the Service Center's determination. Claimant testified that she lived at her address on record for five years and had not had any other difficulty with receiving her mail. She further testified that she only found out about her disqualification from benefits when she went to file her claim online sometime in January 2015.

The Referee dismissed Claimant's appeal as untimely because it was filed more than 15 days as provided for in Section 501(e), which is mandatory, and he had no jurisdiction to hear an appeal filed after the expiration of the statutory period. Claimant appealed to the Board which affirmed the Referee's dismissal of Claimant's appeal, finding that the Service Center's determination was mailed to Claimant's correct address and not returned as undeliverable, so it is presumed that Claimant received the determination, which discredits her assertions. This appeal followed.[3]

In her appeal, Claimant again argues that she did not receive the Service Center's determination mailed to her and that there was no proof of delivery. The 15-day time limit set forth in Section 501(e) of the Law is mandatory and subject to strict application. *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). However, a *nunc pro tunc* appeal may be permitted in extraordinary circumstances involving fraud, administrative breakdown or non-negligent conduct either by a

---

[3] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

third party or by a claimant. *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). Merely claiming that a notice was not received, however, is not a sufficient reason for extending the time for appeal. *ATM Corporation of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 864 (Pa. Cmwlth. 2006). Where a notice is mailed to a claimant's last known mailing address and is not returned by the postal service authorities as undeliverable, the claimant is presumed to have received the notice and is barred from attempting to appeal after the expiration of the appeal period. *Id.* (citing *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979)).

Here, because the Service Center mailed the notice of determination to Claimant at her current address, where she has lived for the past five years, and the notice was not returned as undeliverable, Claimant is presumed to have received the notice. The only evidence offered to overcome this presumption was Claimant's testimony that she did not receive the notice, which the Board found incredible. Without evidence of extraordinary circumstances, the Board properly found that Claimant's appeal was untimely.

Accordingly, the order of the Board is affirmed.

 

 

_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nadine I. Lex,                     :
          Petitioner        :
                            :
          v.               : No. 986 C.D. 2015
                            :
Unemployment Compensation  :
Board of Review,          :
          Respondent    :

# **O R D E R**

AND NOW, this 23rd day of <u>October</u>, 2015, the order of the Unemployment Compensation Board of Review, dated May 6, 2015, at No. B-578151, is affirmed.

_____

DAN PELLEGRINI, President Judge