IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy L. Short,                             :
            Petitioner                 :
                                      :
     v.                             :   Nos. 895-900 C.D. 2015
                                      :   Submitted:  December 24, 2015
Unemployment Compensation                 :
Board of Review,                          :
            Respondent                :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge[1]
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                      FILED: February 24, 2016

Amy L. Short (Claimant), *pro se*, petitions for this Court's review of several adjudications of the Unemployment Compensation Board of Review (Board) holding her liable for fault overpayments of unemployment compensation. Accordingly, the Board ordered the recovery of the overpayments pursuant to Section 804(a) of the Pennsylvania Unemployment Compensation Law (Law), 43 P.S. §874(a).[2] The Board rejected Claimant's request for a hearing on the merits of

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Act of December 5, 1936, P.L. (1937) 2897, *as amended*. Section 804(a) of the Law states: "Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue[.]"  43 P.S. 874(a).

whether she received any overpayments because she filed her appeals almost one year after the Department of Labor and Industry (Department) notified Claimant of the overpayments. Claimant contends that she never received the Department's notices.[3] We affirm.

At issue are the Department's adverse determinations issued to Claimant as follows:

| Date | Decision Number & Appeal Number |
|---|---|
| April 25, 2014 | (B-577331 – Appeal Number B-15-09-G-0890) |
| April 29, 2014 | (B-577332 – Appeal Number B-15-09-G-0893) |
| April 29, 2014 | (B-577335 – Appeal Number B-EUC-15-09-G-0901) |
| April 29, 2014 | (B-577336 – Appeal Number B-15-09-G-0902) |
| April 30, 2014 | (B-577334 – Appeal Number B-15-09-G-0897) |
| May 12, 2014 | (B-577333 – Appeal Number B-15-09-G-0894) |
| May 12, 2014 | (B-577333 – Appeal Number B-15-09-G-0894) |

Board Brief at 4; Board Adjudications, Finding of Fact No. 1. The Department determined that Claimant was not entitled either to the unemployment compensation or emergency unemployment compensation that she had received on

---

[3] This petition for review involves several adjudications, each of which affirm the Referee's dismissal of Claimant's appeal pursuant to Section 501(e) of the Law, 43 P.S. §821(e). By order of August 12, 2015, this Court granted the Board's motion to consolidate the appeals.

the above-listed claims. On the date of each determination, the Department sent a notice to Claimant at her last known mailing address. Certified Record, Item No. 5 (C.R. ____). The notice explained the Department's decision, advised Claimant of her appeal rights and identified May 12, 2014, May 14, 2014, May 15, 2014, and May 28, 2014, as the last days for an appeal. By fax, Claimant appealed on February 13, 2015.

At the hearing before a Referee, Claimant testified that she did not receive any of the Department's notices. In February 2015, she learned from her accountant that her IRS refund check had been seized by the Department. In response, she contacted the Department and filed her appeal. Claimant also testified that she was experiencing problems with her mail delivery during the relevant time period, *i.e.*, when the Department sent its determinations. The postman was delivering mail to the wrong mailboxes and on several occasions left her mailbox open. Claimant testified that she spoke to the U.S. Postal Service and to her landlord about the delivery of her mail, but she did not file a written formal complaint.

The Law and implementing regulations establish the deadline for filing an appeal of the Department's determination on eligibility for unemployment compensation. Section 501(e) of the Law states as follows:

> *Unless the claimant* or last employer or base-year employer of the claimant *files an appeal with the board*, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), *within fifteen calendar days after such notice was delivered to him personally, or was mailed* to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular

3

*facts set forth in such notice, shall be final* and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e) (emphasis added). Regulations establish that timeliness of an appeal is determined from the postmark on the appeal or the date recorded by the Department:

> (b) A party may file a written appeal by any of the following methods.
>
> > (1) *United States mail*. The filing date will be determined as follows:
> >
> > > (i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a United States Postal Service certified mail receipt.
> > >
> > > (ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.
> > >
> > > (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), *the filing date will be the date recorded by the Department*, the workforce investment office or the Board when it receives the appeal.

34 Pa. Code §101.82(b) (emphasis added).

Claimant's appeals from the Department's adverse determinations were filed by fax on February 13, 2015, approximately ten months after the final

4

date to appeal the determinations. The filing deadline is mandatory, as this Court has explained:

> The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Review*, 165 Pa.Cmwlth. 513, 645 A.2d 447 (1994). An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979). Second, he can show non-negligent conduct beyond his control caused the delay.

*Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Where a notice is mailed to a claimant's last known address and not returned by the U.S. Postal Service as undeliverable, the claimant is presumed to have received it. This precludes an appeal after the expiration of the appeal period. *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979); *see also ATM Corp. of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 864-65 (Pa. Cmwlth. 2006) (mailing notice to claimant's correct address bars extension of 15-day appeal deadline).

Here, the Department's determinations were mailed to Claimant at "1860 Newcomer Road Chambersburg, PA 17202-9017." C.R., Item No. 5. At the hearing before the Referee, Claimant confirmed that this was the correct address at the time the determinations were issued and continues to be her correct address. Notes of Testimony, 3/11/15, at 1, 8 (N.T. ___). Next, the Referee identified each document in Claimant's case file relating to the Department's

5

determinations on her ineligibility for compensation for the weeks in question. N.T. at 2-6. The Referee did not identify a document evidencing that the U.S. Postal Service had returned any of the Department notices as undeliverable.[4]

The Board rejected Claimant's testimony. In each adjudication it found that Claimant's "testimony [was not] credible that she did not receive the determination." The Board rejected Claimant's "self-serving testimony that she was having problems with her mail." Board Adjudication at 1.

The Board is the ultimate fact-finder, empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be given the evidence. *Jordon v. Unemployment Compensation Board of Review*, 684 A.2d 1096, 1098 n.2 (Pa. Cmwlth. 1996). Credibility determinations are for the Board, not this Court, to make, and the Board may reject the testimony of any witness even though that testimony is uncontradicted. *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

The Department's determinations were mailed to Claimant's last known and correct address. Claimant is presumed to have received the determinations. *Mihelic*, 399 A.2d at 827. The only evidence offered to overcome this presumption was Claimant's testimony that she did not receive the determinations. Unfortunately for Claimant, the Board did not believe her.

---

[4] The Department certified the case file that was forwarded to the Referee. In that certification, the Department stated that it did not wish to participate in the hearing. C.R., Item No. 7. After listing each document in the case file, the Referee asked Claimant if she objected to their admission. N.T. at 6. She did not object. *Id.*

Accordingly, Claimant did not rebut the presumption that she received the Department's overpayment determinations.

The Board offers a recent unpublished decision of this Court for our consideration, *Staab v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 140 C.D. 2015, filed October 23, 2015). There, the claimant asserted that she did not receive the hearing notice because she was having problems with the delivery of her mail. The Board rejected the claimant's testimony as not credible, finding it "scant and self-serving." *Id.*, slip op. at 7. This Court explained that it was bound by the Board's credibility determination and affirmed the Board's holding that the claimant did not present a viable excuse for not appearing at the hearing.

Here, the Board criticized Claimant's testimony as "self-serving." Board Adjudication at 1. Before this Court, the Board observes that Claimant did not offer "supporting documentation from the Postal Service or from her landlord to support her allegation that she was having issues with her mail delivery around the time the determinations were mailed." Board Brief at 10. A party's testimony will always be "self-serving." This is a meaningless point. Further, testimony alone can establish a fact; Claimant had no obligation to offer corroborating documentary evidence. Indeed, assuming her testimony were true, it would have been very difficult to corroborate her oral complaint to the U.S. Postal Service one year after the fact. Testimony alone can establish a fact.[5] Unfortunately for Claimant, her testimony was not believed.

---

[5] This is acknowledged by the Board. In *Verdecchia v. Unemployment Compensation Board of Review*, 657 A.2d 1341 (Pa. Cmwlth. 1995), the Board held that the employer, the Roman **(Footnote continued on the next page . . . )**

For the foregoing reasons, we affirm the Board's adjudications.

_____
MARY HANNAH LEAVITT, Judge

---

**(continued . . . )**
Catholic Diocese of Pittsburgh, established good cause for missing hearings because it offered credible testimony that it notified the U.S. Postal Service to forward its mail but the Postal Service held its mail for six weeks before delivering it. Here, by contrast, Claimant's testimony that she was having problems with her mail being delivered was discredited by the Board.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy L. Short,                              :
               Petitioner        :
                                    :
             v.                         :  Nos. 895-900 C.D. 2015
                                      :
Unemployment Compensation                  :
Board of Review,                           :
               Respondent        :

# **O R D E R**

AND NOW, this 24th day of February, 2016, the orders of the Unemployment Compensation Board of Review in the above-captioned matter dated April 9, 2015, are hereby AFFIRMED.

                                           _____

                                           MARY HANNAH LEAVITT, Judge