# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amos S. Hyman,               :
           Petitioner         :
                                    :
           v.                   : No. 358 C.D. 2016
                                    : Submitted: October 7, 2016
Unemployment Compensation   :
Board of Review,           :
           Respondent      :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI            FILED: October 31, 2016

Amos S. Hyman (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of an unemployment compensation referee (Referee) finding his appeal untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] Finding no error in the Board's decision, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), *within fifteen*

**(Footnote continued on next page…)**

## I.

## A.

Claimant was employed full-time by Kensington Management Services (Kensington) as a Therapeutic Staff Support Worker when he was notified that there was no other work available in April 2015. Kensington then informed Claimant sometime in May 2015 that he could resume his work, but Claimant voluntarily left Kensington because he had already secured work performing therapeutic support for children with behavioral needs with Staffing Plus (Company), a healthcare staffing firm, although Claimant did file for unemployment compensation benefits that same month for the time he was unemployed which is the subject of a different appeal.

When he was hired by the Company, Claimant executed an Independent Contractor Agreement that provided that he was an "independent contractor." Claimant was allowed to accept or decline any client opportunities and was allowed to negotiate his own hours and other working conditions directly

---

**(continued…)**

> *calendar days* after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

(Emphasis added). If an appeal is not filed within 15 days of mailing, the determination becomes final and the Board is without jurisdiction to consider the matter. *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

with clients.  Upon separation from the Company in June 2015,[2] Claimant filed for unemployment compensation benefits.

Finding that Section 402(h) of the Law, 43 P.S. § 802(h), precludes Claimant from being eligible for benefits because he is self-employed, the Lancaster Unemployment Compensation Service Center (Service Center) mailed Claimant a Notice of Determination denying him benefits.  In that notice, Claimant was also notified that July 14, 2015, was the last day to appeal the Service Center's determination.  The notice was mailed to Claimant at his last known mailing address and there was no evidence indicating that the notice was returned as undeliverable by the post office.  Claimant emailed his appeal on August 21, 2015, explaining that his appeal was filed late because he "was not aware of the fact that two separate appeals had to be filed."  (R. Item No. 5, at 3.)  A hearing was set to determine the timeliness of his appeal.

Despite being notified of the date, time and place of the hearing on the timeliness of his appeal, Claimant failed to appear.  Because Claimant did not appeal the Notice of Determination by July 14, 2015, and there was no evidence to justify a *nunc pro tunc* appeal, the Referee dismissed Claimant's appeal as untimely.

Claimant subsequently appealed to the Board, stating:

---

[2] On the Notice of Application Request for Separation and Wage Information, under "Reason for Separation or Partial Unemployment," the Company states that Claimant is "still on assignment."  (Record (R.) Item No. 3.)

Appeal filed late. WAS NOT AWARE OF THE FACT THAT TWO SEPARATE APPEALS HAD TO BE FILED. Note that an appeal was filed with Kensington Management. I attended the hearing in philadelphia pa [sic] on 8-13-2015. I WON THAT APPEAL. WAS NOT MADE AWARE OF THE FACT THAT AN [sic] SEPARATE APPEAL HAD TO BE FILED WITH STAFFING PLUS. I WANT TO FILE NOW. LATE DUE TO LACK OF KNOWLEDGE REGARDING FILING PROCEDURES.

(R. Item No. 10.)

The Board remanded to the Referee to hold another evidentiary hearing on Claimant's reason for his nonappearance at the previous hearing as well as to receive testimony and evidence on the timelines of Claimant's appeal. The Board noted in its Hearing Order that if it were to find that Claimant did not have proper cause for his nonappearance at the first hearing, the additional testimony and evidence on the issue of timeliness as well as on the merits may not be considered by the Board.

**B.**

Before the Referee,[3] with regard to the issue of his nonappearance at the previous hearing, Claimant testified that his address on the hearing notice for

---

[3] Claimant also testified that he signed an Independent Contractor Agreement with the Company and that although a recruiter would assign him his work, he was free to accept or reject the assignments. He stated that the Company paid him an hourly rate of $14 and that he did not have the ability to negotiate his rate, but that taxes were not removed when he received payment. He also stated that the Company provided him with training in order for him to perform his duties, but that he had to pay for the training. He testified that he paid for his liability insurance, which was offered by the Company through a payroll deduction. Claimant reasoned that he was **(Footnote continued on next page…)**

4

the first hearing was listed correctly, but that he did not remember receiving the notice. However, he stated that he was not aware of any issues with his mail around the time he would have received the notice. He testified that he did not appear at the hearing because he did not know that there was a hearing.[4]

As to the timeliness issue, Claimant stated that his address on the Service Center's notice of determination was accurate and that he received the notice, later changing his testimony to suggest that he was unsure of whether he received the notice. Claimant testified that he attended a hearing in Philadelphia for the claim relating to his separation from Kensington and he thought that both the Kensington claim and the one relating to the Company would be addressed. However, only the Kensington claim was addressed at that hearing so he was under the impression that that was his only claim.

---

**(continued…)**

being misclassified as an independent contractor for unemployment compensation purposes and explained that he signed the Independent Contractor Agreement because "that had nothing to do with me as far as working was concerned. That was part of the procedures involved with working with [the Company]." (R. Item No. 14, at 15.)

[4] Merely claiming that a notice was not received, however, is not a sufficient reason for extending the time for appeal. *ATM Corporation of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 864 (Pa. Cmwlth. 2006). Where a notice is mailed to a claimant's last known mailing address and is not returned by the postal service authorities as undeliverable, the claimant is presumed to have received the notice and is barred from attempting to appeal after the expiration of the appeal period. *Id.* (citing *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979)).

Mentioning numerous times his unfamiliarity with unemployment compensation procedure, Claimant explained that he only learned after his Kensington hearing that he had an outstanding claim relating to his relationship with the Company for which he would have to file a separate appeal.[5] Claimant

[5] Claimant testified:

> C  …I was told that I had—I knew that I had that particular issue was—I had won that appeal, okay and when I called to start to receive benefits they said oh by the way you have another issue here.  Okay you have an issue with [Company] and I'm saying [Company], what do they have to do with this?  I said I work for [Company] so I'm not trying to file claims against [Company]. I'm trying to get the money and see what it was I was out of work for a period of time during the summer, okay, after school was out. So those—this was the issue I was trying to file the claim with that period of time.  So when they said that you could not receive benefits because you have another piece here to go to deal with, with [Company] I said well I wasn't aware of that.  I said when I went to Philadelphia I was assuming that whatever issues were relative to my claim were discussed at that time and therefore, once I got the letter stating that the appeal—I had won the appeal that I was set.  So they said well no you cannot do this.  What you're going to have to do now is file a separate claim…
>
> R  Appeal.
>
> C  File a separate appeal on the issue with [Company]. I said…
>
> R  Which is what…
>
> C  …oh I [sic] my God.
>
> R  …you did on August 21st.
>
> C  Right and I'm like oh my God and so I said well is—by that time I knew—I didn't—now I'm trying—now I'm kind of understanding what's going on that there was [sic] two separate issues here.  So I said well is it too late for me to file?  They said

**(Footnote continued on next page…)**

6

further explained that he did not think that the Company "had anything to do with this issue period. . . . All of my wages were accrued from working through [Kensington]." (R. Item No. 14, at 7.) He acknowledged that he stopped working at Kensington in April 2015 and did not file a claim until May 2015, "because that's when I was no longer working." (R. Item No. 14, at 7.) He testified, however, that "the claim was not to be filed against [the Company]." (R. Item No. 14, at 8.) Claimant later acknowledged that he did not think the Company was involved in the hearing for Kensington:

> R  Hold on. Hold on. Hold on because I think you're reading too much into my question so I want to make sure I'm talking about from a layman's standpoint you get a paper from our Referee's office that says your name on it and under the Employer it says Kensington, whoever the Employer was, but [the Company] isn't anywhere on it. If you thought that hearing was going to address everything and you don't see [the Company] on it, is there a reason why you then would have assumed that you were going to get into something about it when you see your name, you see Kensington's name but you see [the Company] nowhere. . . .

---

**(continued…)**

> well what I would do is explain to whoever you're filing with that you didn't understand the procedures and therefore attempt to file they said [sic] because you can't explain it to us because we're not—we didn't make the decision, the Board makes decisions so what you got to do is go and make that filing now at this time as soon as possible to make certain that you can try to get that situation reviewed because they said the bottom line is you had two separate issues and that should have been discussed with you in Philadelphia. . . .

(R. Item No. 14, at 9-10.)

C  [I didn't think the Company] had anything to do with this…

(R. Item No. 14, at 11).

Finding that Claimant did not have proper cause for his nonappearance at the first hearing, the Board did not consider the additional testimony and evidence adduced at the second hearing.  It affirmed the Referee's dismissal of the appeal as untimely because it found no credible evidence to support Claimant's assertion that he was not in receipt of the hearing notice that was mailed to his correct address of record.  This appeal followed.[6]

## II.

Initially, we note that Claimant has not raised as an issue that the Board erred in finding that he received proper notice that his claim had been denied or that he did not have proper cause for his nonappearance at the first hearing.  In his appeal, Claimant only contends that he had no knowledge that he would have to file separate timely appeals for each of his two claims because the procedure was not adequately outlined by the documents provided by unemployment officials.  He claims that he took reasonable efforts to file timely

---

[6] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

appeals based on the information he had and, as a result, the Board erred in not granting his appeal *nunc pro tunc*.

A *nunc pro tunc* appeal may be granted in extraordinary circumstances involving fraud, administrative breakdown or non-negligent conduct either by a third party or by a claimant. *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008). There is no evidence in the record that the wording of the Notice of Determination misled Claimant to the extent that a reasonable person could believe that one appeal for unemployment benefits acted as an appeal for a subsequent denial of unemployment benefits from a different employer, which would be tantamount to an administrative breakdown to justify a *nunc pro tunc* appeal.

Accordingly, because the Board properly denied a *nunc pro tunc* appeal, the Board's order dismissing Claimant's appeal as untimely is affirmed.

_____
DAN PELLEGRINI, Senior Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amos S. Hyman, : 
    Petitioner : 
     : 
    v. : No. 358 C.D. 2016
     : 
Unemployment Compensation : 
Board of Review, : 
    Respondent : 

# **O R D E R**

AND NOW, this 31<u>st</u> day of <u>October</u>, 2016, the order of the Unemployment Compensation Board of Review dated February 5, 2016, at No. B-586246, is affirmed.

_____
DAN PELLEGRINI, Senior Judge