IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bobbi Sue Borne, : 
              Petitioner : 
                   : No. 2016 C.D. 2015
             v. : 
                   : Submitted: September 2, 2016
Unemployment Compensation : 
Board of Review, : 
              Respondent : 


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: November 30, 2016


      Bobbi Sue Borne (Claimant) petitions, *pro se*, for review of the September 21, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision dismissing Claimant's appeal as untimely pursuant to section 501(e) of the Unemployment Compensation Law (Law).[1]

      The relevant facts and procedural history of this case are as follows. Claimant worked for Vincentian Home (Employer) as a part-time dietary aide from April 10, 2012, to April 17, 2013. Claimant was terminated as of April 19, 2013.

---

[1] Section 501(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

Nevertheless, Claimant sought and received unemployment compensation benefits after alleging her reason for separation was a lack of work with Employer. Claimant received these benefits for a period of twenty weeks, with her first payment covering the week ending May 4, 2013. Two years later, on April 30, 2015, the Bureau of UC Benefits and Allowances sent questionnaires to both Claimant and Employer, requesting that they complete and return the same in order to determine Claimant's eligibility for benefits.[2] Claimant did not return the questionnaire. Employer did return its questionnaire, indicating that Claimant was discharged effective April 19, 2013, because of her attitude and demeanor toward its residents and their family members.

The local service center thereafter issued a UC Overpayment Classification Worksheet alleging that Claimant received an overpayment of benefits due to fraud by reporting that her reason for separation from Employer was a lack of work. On June 25, 2015, the local service center issued three separate notices of determinations. The first notice held that Claimant was ineligible for benefits under section 402(e) of the Law, 43 P.S. §802(e).[3] The second notice included a determination that Claimant received a fault overpayment of $2,280.00 in unemployment compensation benefits pursuant to section 804(a) of the Law, 43 P.S. §874(a).[4] The third notice included a penalty determination of twenty-two weeks and

---

[2] The record is unclear as to the reason for the lengthy delay in this matter.

[3] Section 402(e) of the Law provides that an employee shall be ineligible for benefits for any week in which her unemployment is due to her discharge from work for willful misconduct connected with her work.

[4] Section 804(a) of the Law provides, in pertinent part, that "[a]ny person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be
**(Footnote continued on next page…)**

2

$342.00 pursuant to section 801(b) of the Law, 43 P.S. §871(b), as a result of the knowingly false statement she made regarding her separation from employment in order to obtain benefits.[5] Each of these notices specifically advised Claimant that the last day to file an appeal was July 10, 2015.

Claimant, however, did not file her appeals until July 14, 2015. The referee held a hearing on August 11, 2015, limited to the issue of the timeliness of Claimant's appeals. Claimant testified that she did not receive the notices of determinations until Friday, July 10, that she worked on Monday, July 13, and that

_____

**(continued…)**

liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest. . . ." 43 P.S. §874(a).

[5] Section 801(b) provides as follows:

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act or under an employment security law of any other state or of the Federal Government or of a foreign government, may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment: Provided, That no additional weeks of disqualification shall be imposed under this section if prosecution proceedings have been instituted against the claimant because of such misrepresentation or non-disclosure. The departmental determination imposing penalty weeks under the provisions of this subsection shall be subject to appeal in the manner provided in this act for appeals from determinations of compensation. The penalty weeks herein provided for shall be imposed against any weeks with respect to which the claimant would otherwise be eligible for compensation, under the provisions of this act, which begin within the four year period following the end of the benefit year with respect to which the improper payment or payments occurred.

43 P.S. §871(b).

Tuesday, July 14, was the first day she was able to file her appeals. Claimant acknowledged that the notices included a mailing date of June 25, 2015. Upon questioning by Employer's representative, Claimant confirmed her mailing address as 528 Demmler Drive, Pittsburgh, Pennsylvania, the same address listed on the notices. Claimant then stated that her mail was "very bad" and that she had complained about her mailman to the post office, but had never filed a formal complaint. (Notes of Testimony (N.T.), 8/11/15, at 6.)

By decision dated August 12, 2015, the referee dismissed Claimant's appeal as untimely. The referee found that the notices were sent to Claimant's last known post office address and were not returned as undeliverable. The referee stated that section 501 of the Law includes a mandatory 15-day appeal period, "absent fraud or wrongful conduct on the part of the authorities." (Referee's decision at 2.) The referee acknowledged Claimant's testimony that she had continuing problems with her mail, but noted that it was her obligation to address this problem by filing a formal complaint with the postal authorities or making daily trips to the post office to retrieve her mail. Claimant appealed to the Board, which affirmed the referee's decision and adopted and incorporated the referee's findings and conclusions.

On appeal to this Court,[6] Claimant argues that the Board erred in dismissing her appeal as untimely.[7] We disagree.

---

[6] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

[7] In her brief, Claimant frames the issue as "[w]hether respondent erred in finding that there was insufficient evidence that the claimant did not respond in due time to the appeal." (Claimant's brief at 4.)

4

In pertinent part, section 501(e) of the Law provides that an appeal from a notice of eligibility determination must be filed "within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address." 43 P.S. §821(e). If an appeal is not filed within fifteen days of mailing, the determination becomes final and the Board is without jurisdiction to consider the matter. *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

When notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and, absent extraordinary circumstances, is barred from filing an untimely appeal. *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979). The presumption of receipt "is based on the notion that, once the notice, properly addressed, is placed in the mail, there are usually two options: either the notice will be delivered as addressed, or, if it cannot be delivered, it will be returned to the sender." *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 41 (Pa. Cmwlth. 2012) (en banc). "Although those two options are the most likely to occur in our experience, there are occasions in which mail is lost or not delivered for some reason." *Id.*

If certain requirements are established, a party may proceed *nunc pro tunc*, or "now for then," with an untimely appeal. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). "An appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 487

(Pa. Cmwlth. 2008). An appellant may satisfy this burden in one of two ways: "First, [s]he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, [s]he can show non-negligent conduct beyond [her] control caused the delay." *Hessou*, 942 A.2d at 198.

In the present case, Claimant has not presented any evidence establishing fraud or wrongful or negligent conduct on the part of the administrative authorities. Rather, Claimant alleges the negligent conduct of a third party, her mailman, was responsible for her delay in filing her appeals. This Court has recognized that a claimant can rebut the presumption of receipt by providing credible testimony that she was having difficulty with her mail delivery. *See*, *e.g.*, *Short v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 895-900 C.D. 2015, filed February 24, 2016) (a claimant's testimony alone, if credited by the Board, can support a finding of fact relating to problems with mail delivery).[8] However, the Board essentially rejected Claimant's testimony in this regard as not credible,[9] and concluded that if Claimant was having problems with her mail, she should have filed a formal complaint with the postal authorities. Claimant admitted before the referee that she had not filed such a complaint. (N.T., 8/11/15, at 6.) In essence, Claimant is asking this Court to re-weigh the evidence in her favor, something we cannot do. *See Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1090

---

[8] Pursuant to this Court's Internal Operating Procedures, unreported decisions may be cited for their persuasive value but not as binding precedent. 210 Pa. Code §69.414(a).

[9] The law is well settled that the Board has exclusive province over questions of credibility and evidentiary weight and "need not accept even the uncontroverted testimony of the claimant . . . ." *Gaskins v. Unemployment Compensation Board of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981).

(Pa. Cmwlth. 1997) (this Court cannot re-weigh the facts as found by the administrative agency).

Claimant also alleges in her brief that she had a witness with her at the referee's hearing to corroborate her testimony that she did not receive the notices until July 10, 2015, but that witness was not allowed to testify. However, Claimant's allegation is contradicted by the record. Claimant brought a single witness with her to the referee's hearing. Near the conclusion of the hearing, the referee asked Claimant if she wanted her witness to offer any testimony, to which Claimant responded "[n]o, she could – the only reason she's here [sic] to offer testimony on my, you know what [sic] did at [Employer]." (N.T., 8/11/15, at 7.) The referee noted that the reasons underlying her termination from Employer were not part of that day's hearing.

Because Claimant failed to file her appeals on or before July 10, 2015, i.e., within 15 days of the issuance of the notices of determinations, and did not establish fraud, administrative breakdown, or non-negligent conduct sufficient to warrant a *nunc pro tunc* appeal, the Board did not err in dismissing her appeal as untimely.

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bobbi Sue Borne,              :
         Petitioner        :
                           :    No. 2016 C.D. 2015
       v.                    :
                           :
Unemployment Compensation    :
Board of Review,             :
         Respondent      :

## ***ORDER***

AND NOW, this 30th day of November, 2016, the order of the Unemployment Compensation Board of Review, dated September 21, 2015, is hereby affirmed.

 

 

_____
PATRICIA A. McCULLOUGH, Judge