# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vanessa Best,                              :
                  Petitioner :
                             :
                             : No. 735 C.D. 2023
             v.                 :
                             : Submitted: April 8, 2025
Commonwealth of Pennsylvania             :
(Workers' Compensation Appeal           :
Board),                                   :
                  Respondent :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge


***OPINION NOT REPORTED***

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                       **FILED: May 16, 2025**


Vanessa Best (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Workers' Compensation (WC) Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) to deny Claimant benefits under the WC Act (Act).[1] Claimant has untimely petitioned this Court for review. Because we discern no fraud, breakdown in court operations, or other non-negligent circumstances excusing this untimely appeal, we quash Claimant's petition for lack of jurisdiction.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1-1041.4, 2501-2710.

## I. BACKGROUND[2]

Claimant worked part-time as a clerk for the Commonwealth of Pennsylvania, Liquor Control Board (Employer). In October 2019, Claimant suffered a work injury, which was later accepted by Employer as a left-foot contusion. Employer agreed to pay her medical bills for this injury.

In January 2020, Claimant filed a claim petition, expanding the description of her injuries and requesting ongoing, total disability. According to Claimant, she had also sustained injuries to her right knee and left ankle when she dropped a bottle but then tried to keep it from breaking. The WCJ denied the petition, finding that Claimant had failed to establish any further injury or a work-related disability.[3]

Claimant appealed to the Board, which affirmed. The Board's decision was entered and mailed to Claimant on April 4, 2023.

On June 5, 2023, Claimant submitted a letter to this Court, indicating her intention to appeal, and later filed an ancillary petition for review.[4] Following an initial review of the record, the Court instructed the parties to address the timeliness of Claimant's appeal in their principal briefs. Cmwlth. Ct. Order, 9/15/23.

## II. ISSUES

Claimant concedes that her appeal is untimely but maintains that she never received the Board's decision by mail because it was sent to an outdated address and that she only learned of the decision after calling the Board. *See*

---

[2] Unless stated otherwise, we adopt the factual background for this case from the decision of the Board, which is supported by substantial evidence of record. *See* Bd.'s Dec., 4/4/23.

[3] The WCJ did not credit Claimant's testimony, finding it at odds with surveillance video and the prevailing medical evidence. *See* WCJ Op., 1/28/22, at 13-16.

[4] The Court preserved June 5, 2023, as the date of Claimant's appeal. *See* Cmwlth. Ct. Notice, 6/13/23.

Claimant's Appl. for Recons., 10/11/23.[5]  According to Claimant, she moved to her current address in July 2022 and "informed the [B]oard of this."  *Id.*  On the merits, Claimant disputes the WCJ's factual findings and credibility determinations; she also claims that her former counsel, who represented her before the WCJ, failed to provide proper representation.  *See* Ancillary Pet. for Rev. at 1-2 (unpaginated).

Employer responds that Claimant's appeal should be quashed because it is untimely and because Claimant has offered no evidence demonstrating that she provided her new address to the Board.  *See* Emp.'s Br. at 26-27 (unpaginated). Alternatively, Employer submits that the Board's decision should be affirmed because it is supported by substantial, competent, credible evidence of record.  *See* *id.* at 27-43.

### III. DISCUSSION[6]

Preliminarily, we must address the timeliness of Claimant's appeal as it implicates this Court's jurisdiction.  *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).  "The failure to timely appeal an administrative agency action is a jurisdictional defect."  *Radhames v. Tax Rev. Bd.*, 994 A.2d 1170, 1175 (Pa. Cmwlth. 2010).  To appeal a decision of the Board, a party must file a petition for review in this Court within 30 days after entry of the decision.

___

[5] Claimant did not address the timeliness of her appeal in her principal brief as directed. *See generally* Claimant's Br.  Instead, Claimant submitted a letter to this Court, titled "Motion For the Appeal of Vanessa Best," in which she requests "a chance to appeal the current decision." Claimant's Appl. for Recon., 10/11/23.  In substance, it is nearly identical to the first letter Claimant submitted to this Court to initiate this appeal. *Compare id.*, *with* Letter, 6/5/23.  Although the Court docketed this second letter as an application, we deem it responsive to our instructions to address the timeliness of her appeal.

[6] Our review is limited to determining "whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

3

*See* 42 Pa.C.S. § 5571(b); Pa.R.A.P. Rule 1512(a)(1).  This Court may not enlarge the time for filing a petition for review.  *See* Pa.R.A.P. Rule 105(b).  Untimely appeals will be quashed by this Court for lack of jurisdiction.  *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005).

In this case, the Board issued and mailed its decision on April 4, 2023.  *See* Bd.'s Dec.  Claimant did not appeal the decision until June 5, 2023, more than a month after the deadline.  *See* Letter.  Thus, Claimant's appeal is patently untimely.  *See* Pa.R.A.P. 1512(a)(1).

This Court may consider an untimely appeal in limited circumstances.  An appellant bears a heavy burden to establish the right to appeal *nunc pro tunc* because the time limits set on appeals are mandatory.  *Hessou*, 942 A.2d at 198.  The Court will grant *nunc pro tunc* relief only upon a showing of fraud, an administrative breakdown, or non-negligent circumstances beyond the appellant's control.  *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021).

A breakdown occurs when an administrative board is "negligent, acts improperly or unintentionally misleads a party."  *Hessou*, 942 A.2d at 198.  This Court has recognized that a failure to mail a decision to the proper address constitutes an administrative breakdown that may warrant *nunc pro tunc* relief.  *See, e.g.*, *UPMC Health Sys. v. Unemployment Comp. Bd. of Rev.*, 852 A.2d 467 (Pa. Cmwlth. 2004) (granting an employer *nunc pro tunc* relief where the unemployment compensation service center mailed a determination addressed with an incorrect zip code, and the determination was received after the expiration of the appeal period); *but see ATM Corp. of Am. v. Unemployment Comp. Bd. of Rev.*, 892 A.2d 859, 864-65 (Pa. Cmwlth. 2006) (suggesting the mere assertion that a notice was not received is insufficient for *nunc pro tunc* relief); *Mihelic v. Unemployment Comp. Bd. of Rev.,*

4

399 A.2d 825, 827 (Pa. Cmwlth. 1979) (recognizing a presumption that a claimant has received notice of a decision if "mailed to a claimant's last known address and not returned by the postal authorities as undeliverable").

We discern no administrative breakdown in this case.[7] There is simply no evidence to support Claimant's assertion that she informed the Board of her change in address or, in particular, that she apprised the Board promptly and prior to the issuance of its decision. To the contrary, we note that the Board certified its record to this Court in August 2023, long after Claimant says she moved, yet the Board's record includes no change of address. *See* Dep't of Labor & Indus. Bd.'s Docket No. A22-0127; Original Record Certification, 8/17/23. We conclude that Claimant's mere assertion is insufficient to warrant *nunc pro tunc* relief. *See ATM Corp. of Am. 892 A.2d at 864-65*; *Mihelic,* 399 A.2d at 827.

Accordingly, Claimant's untimely appeal is quashed for lack of jurisdiction. *See Frempong,* 865 A.2d at 317.

_____
**LORI A. DUMAS, Judge**

---

[7] To be clear, Claimant has not asserted fraud or that the Board intentionally misled her. *See generally* Claimant's Br.; Appl. for Recons.; Letter.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vanessa Best,               :
                Petitioner  :
                            :  No. 735 C.D. 2023
        v.                  :
                            :
Commonwealth of Pennsylvania :
(Workers' Compensation Appeal :
Board),                     :
                Respondent  :

# **O R D E R**

AND NOW, this 16th day of May, 2025,  Claimant's appeal from the decision of the Workers' Compensation Appeal Board, entered April 4, 2023, is QUASHED.

_____
**LORI A. DUMAS, Judge**