Opinion by
Judge Blatt,
Anne M. Rice (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board), which affirmed a referee who denied her benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5,1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802 (e). This section disqualifies from benefits those whose unemployment is due to discharge for willful misconduct.
The claimant was employed by the Bell Telephone Company (employer) as a general clerk and teller, and her responsibilities included collecting cash payments from customers who were paying their telephone bills. At the end of the day she was to balance her accounts by reconciling the cash with the receipts. If any overages or shortages existed, the rules of the employer prescribed *596 that they be reported at that specific time. The employer suspected that overages were not always being reported in the prescribed fashion, and the claimant was tested on August 9, 1974 by having an extra $3.75 placed in her cash box without her knowledge. She did not report this extra cash to her employer as required, but instead placed it in an envelope in a company safe with her own name on the envelope. There was some testimony to the effect that company rules provided for unclaimed property to be put in a safe and marked with the finder’s name, and that the finder could claim such property if the owner did not claim it within sixty days. On August 22, the claimant was questioned by the employer’s security agent and, after first denying that she had taken the money, eventually admitted having done so. She explained, however, that she was keeping it to see if it was claimed by anyone. She was suspended from work on that day and dismissed on August 28 for failing to adhere to the prescribed procedure for handling funds.
The Board affirmed the referee’s determination that the claimant’s activities which brought about her discharge amounted to willful misconduct. The claimant takes issue with this conclusion, but we must agree with the Board and the referee.
Our review is, of course, limited to questions of law and, in the absence of fraud, to a determination of whether or not the findings of the Board are supported by the evidence, leaving to the Board questions of credibility and giving to the party prevailing below the benefit of all reasonable and logical inferences. Dingel v. Unemployment Compensation Board of Review, 14 Pa. Commonwealth Ct. 484, 322 A.2d 731 (1974).
We have consistently held that a deliberate violation of the employer’s rules falls within the meaning of willful misconduct. DiAmico v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 286, 310 A.2d 433 (1973). The existence of this employer’s rule regard *597 ing the reporting of overages was clear, and even the claimant acknowledged at the hearing before a referee that she understood her responsibility in this regard. Her own testimony also indicates that her decision to put the money into the safe was deliberate, and, although she further testified to a motive other than that imputed by the employer, it was for the referee and the Board to decide her credibility in this respect, not for us. The employer obviously has an important interest in having all funds accounted for, and even though the amount here involved may have been small, the violation of an obviously reasonable rule as to how funds should be handled is a serious matter, regardless of the amount involved.
We, therefore, issue the following
Order
Now, June 10, 1975, the order of the Unemployment Compensation Board of Review is affirmed and the claimant is denied benefits.