Joseph P. Delaney *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Joseph P. Delaney, Appellant.

Argued December 6, 1976, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*Eugene F. Brazil*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 4, 1977:

Joseph P. Delaney (Delaney) filed for unemployment compensation benefits and received from the Bureau of Employment Security a written Notice of Determination, dated and mailed September 5, 1975. This Notice of Determination informed Delaney that his application for benefits was disapproved and, on September 17, 1975, he filed an appeal from this determination with the Unemployment Compensation Board of Review (Board).

Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e), states:

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accorddance therewith.

Statutory requirements for the perfecting of an appeal are jurisdictional. *Luckenbach v. Luckenbach,* 443 Pa. 417, 281 A.2d 169 (1971); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965). Delaney offered the following record explanation for his failure to file his appeal on or prior to September 15, 1975:

By the Referee:

. . . .

Q. Why didn't you contact them within the ten days as specified in the notice?

A. I received the notice. However, before that, when I went over on September 3rd they told me my petition had been denied. However, I was to be interviewed but due to the fact that I got there at 3:30 instead of 1:30 the interviewers had gone home. When I got the notice of determination, this is what they told me that my petition had been denied but

I was to be interviewed. She said you stop back two weeks hence. When I got this I thought this is the form that the girl told me. I failed to note the statement about the ten day period. I didn't realize I should have filed in accorddance with the notice. Then I got the notice of appeal, which showed under No. 8 that this is an appeal from the Bureau's determination on UC-44. This is the reason I didn't bother. I thought the determination that I got was just a confirmation of what the girl told me and she told me I would have to be interviewed the next time I went there. So therefore I ignored this and did not note the explanation. She told me to come back in two weeks and be interviewed and this was the time to tell my side of the story.

On October 30, 1975, the referee dismissed Delaney's appeal as being filed beyond the statutory 10-day period for filing. On January 6, 1976, the Board disallowed further appeal from the referee's decision. These rulings are the only ones the law would permit on the facts here. The provisions of Section 501-(e) of the Unemployment Compensation Law are mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency. *Unemployment Compensation Board of Review v. Duffy*, 23 Pa. Commonwealth Ct. 7, 349 A.2d 925 (1976); *Sanabria v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974).

The referee specifically found that Delaney "was not misinformed nor in any way misled regarding the right of appeal." Although Delaney now argues to the contrary, the record supports the finding made by the referee on this crucial point. Delaney testified

that he failed to note the statement explaining his right to appeal and containing therein the notice of the prevailing 10-day appeal period.

It is unfortunate that Delaney miscomprehended the applicable appeal period provided by law. However, his own testimony establishes that the responsibility for the delay in filing the appeal is on himself rather than on the agency.

Accordingly, we enter the following

### ORDER

Now, this 4th day of February, 1977, the order of the Unemployment Compensation Board of Review, dated January 6, 1976, disallowing further appeal to Joseph P. Delaney, is hereby affirmed.