Billy Berry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Edison J. Eby, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Mike Hryhorchuk et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Harold I. Goodman,* for appellants.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 9, 1978:

Consolidated herein are eighteen appeals from orders of the Unemployment Compensation Appeal Board (Board), seventeen of which are from orders of the Board denying appeals from determinations of the Bureau of Employment Security (Bureau) as untimely taken, while the remaining appeal is from the Board's denial of a request that a prior Board order be vacated.

All of the claimants here were formerly maintenance or production workers of the George Sall Metal Company (employer), where a work stoppage was begun on May 18, 1973 by Local 115 of the Teamster's Union, which was the bargaining unit representing the claimants. The work stoppage was the result of an alleged refusal by the employer to bargain collectively. All of the claimants filed for unemployment compensation at local offices of the Bureau, and the

Bureau's district office ruled on June 22, 1973 that the claimants were ineligible for benefits under Section 402(d) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(d), on the grounds that the work stoppage constituted a strike. Only one of the claimants, Edison J. Eby (Eby), took a timely appeal of this determination to the referee and Board, both of which affirmed the Bureau's determination.

On April 30, 1975, however, in a case involving a co-employee of the claimants who had also been engaged in the same work stoppage, the Board ruled that the stoppage had been a lockout rather than a strike and awarded benefits. The seventeen claimants who had not previously appealed then filed appeals of the Bureau's 1973 determinations denying them benefits, and after hearings on the issue of timeliness, the referee dismissed these appeals because they had not been filed within the ten-day appeal period then provided in Section 501(e)[2] of the Law, 43 P.S. §821(e). On appeal to the Board the referee's decision was affirmed and these appeals were dismissed. Subsequent to the Board's decision that the work stoppage had been a lockout, Eby also filed a petition requesting the Board to vacate its prior decision in his case and award him benefits. The Board denied this petition by letter, stating that the Board's decision in his case, dated March 6, 1974, had become final ten days after that date pursuant to the provisions of Section 509 of the Law,[3] 43 P.S. §829. All of the claimants then filed timely appeals to this Court.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

[2] Section 501 was amended by the Act of April 14, 1976, P.L. 113, to provide for a fifteen-day period in which to bring appeals from determinations of the Bureau.

[3] Section 509 was amended by the Act of April 14, 1976, P.L. 113, to provide for a fifteen-day period in which to bring appeals

Section 510 of the Law, 43 P.S. §830, provides that this Court's scope of review in an unemployment compensation appeal is confined to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence. The major issue raised here by the claimants is whether or not the Board had the authority to reverse or reconsider the decisions in their cases which had become final under the relevant provisions of the law.

The filing of a timely appeal is a jurisdictional requirement which must be met before an appellate court may consider an appeal. *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 368, 214 A.2d 203, 205 (1965). It is true that this Court has held numerous times, as has the Superior Court on earlier occasions, that the appeal provisions of the Unemployment Compensation Law are normally mandatory. *See, e.g., Delaney v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 453, 456, 368 A.2d 1351, 1352 (1977); *Unemployment Compensation Board of Review v. Buongiovanni*, 21 Pa. Commonwealth Ct. 338, 340, 345 A.2d 783, 784 (1975); *Abrams Unemployment Compensation Case*, 180 Pa. Superior Ct. 580, 582, 119 A.2d 656, 657 (1956). We have also held, however, that if a claimant can prove that he was deprived of his right of appeal by fraud or its equivalent, *i.e.*, wrongful or negligent conduct of the administrative authorities, then an untimely appeal will be permitted. *Unemployment Compensation Board of Review v. Ferraro*, 22 Pa. Commonwealth Ct. 304, 306, 348 A.2d 753, 754 (1975); *Ferretti Unemployment*

from determinations of the Referee. We note that Eby's petition could be considered a request for reconsideration by the Board pursuant to 1 Pa. Code §35.241(a), which provides for a fifteen-day period in which to file such petitions. *See Mayer v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 244, 366 A.2d 605 (1976).

*Compensation Case,* 195 Pa. Superior Ct. 234, 236, 171 A.2d 594, 595 (1961).

The claimants argue here that this exception is available to them because the Bureau's determination denying benefits had been rendered palpably erroneous by the Board's subsequent decision in another case that the work stoppage concerned in all cases had been a lockout, but we must disagree. As an administrative agency, the Board is a creature of the state and has only those powers and authority granted to it by the legislature. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 95, 309 A.2d 165, 168 (1973). The periods specified for taking appeals by the claimants here were obviously exceeded, and the case law is clear that the exception in which the claimants seek to place themselves refers only to cases where fraud or wrongful or negligent conduct has occurred. Because we can find no evidence of such here, we must hold that the Board acted properly in dismissing all but one of these appeals on this basis. *Mayer v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 244, 248, 366 A. 2d 605, 607 (1976).

This one appeal, filed by Billy Berry, urges that he was denied his right of appeal by the wrongful and negligent conduct of Bureau employees, and Berry testified at the referee's hearing that he did not appeal the Bureau's determination in 1973 because he had been informed by two Bureau employees at that time that he could not appeal the Bureau's denial of benefits. The referee found that the claimant had not been misled by the Bureau employees and dismissed his appeal as untimely, and this determination was affirmed by the Board. The issue presented in claimant Berry's case is identical to that presented in the case of *Flynn v. Unemployment Compensation Board of Re-*

*view,* 192 Pa. Superior Ct. 251, 159 A.2d 579 (1960), where a Bureau employee told the claimant that she could not make an appeal and that she did not have a leg to stand on. *Flynn, supra,* 192 Pa. Superior Ct. at 251, 159 A.2d at 579. The present case can be distinguished from *Flynn,* however, in that the Board here found that the claimant had not been misinformed or misled by the compensation authorities concerning his right of appeal. In making this finding, the Board clearly believed Berry's testimony not to be credible and we are bound by that finding. In an unemployment compensation case, questions concerning the credibility of witnesses and the weight to be accorded the evidence are left to the Board. *Rice v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 592, 594, 338 A.2d 792, 794 (1975). We will, therefore, affirm the order of the Board dismissing claimant Berry's appeal.

The orders of the Board in all of the cases herein consolidated are affirmed.

### ORDER

AND Now, this 9th day of February, 1978, the orders of the Unemployment Compensation Board of Review are hereby affirmed.