Alvin Berger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 3, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Steven B. Berger,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 27, 1982:

Alvin Berger (Claimant) appeals here from an order of the Unemployment Compensation Board of

Review (Board) affirming a referee's decision dismissing his Petition for Appeal as untimely filed. We affirm.

After successfully applying to the Bureau, now Office, of Employment Security (Bureau), Claimant began to receive unemployment compensation benefits as of April 29, 1979. On September 7, 1979, Claimant revealed in a Side-Line Activity Questionnaire that he had earned $504 from the sale of insurance policies during the summer of 1979. In response to this information, the Bureau issued two Notices of Determination on October 5, 1979, which (1) found Claimant to be ineligible for benefits for certain benefits weeks in June, July, and August of 1979 and (2) found that the benefits Claimant had received during these weeks constituted fault overpayments within the intendment of Section 804(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §874(a). Each of these notices informed Claimant that the last day he could file an appeal from these determinations was October 22, 1979. Claimant did not subsequently file his Petition for Appeal, however, until October 26, 1979.

It is of course well established that the appeal provisions of the Law are normally mandatory. *Berry v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 565, 382 A.2d 487 (1978); *Delaney v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 453, 368 A.2d 1351 (1977). This Court has also held, however, "that if a Claimant can prove that he was deprived of his right of appeal by fraud or its equivalent, *i.e.*, wrongful or negligent conduct of the administrative authorities, then an untimely appeal will be permitted." *Berry* at 568, 382 A.2d at 489-490.

Here, Claimant does not dispute the fact that he failed to file his appeal within the fifteen (15) day appeal period provided for in Section 501(e) of the Law, 43 P.S. §821(e). Claimant does allege, however, that the Board capriciously disregarded evidence indicating that he was misled by the unemployment compensation authorities into delaying the filing of his appeal, and hence, that his appeal should not have been dismissed.[1] After carefully reviewing the record in this case, however, we must disagree.

Before the referee, Claimant testified that he had been misled by a Bureau supervisor at some point in time between October 13, 1979 and October 22, 1979 into believing that the filing of an appeal would not be necessary. Claimant could not relate, however, what it was that was said to him that gave him this impression, or who it was that said it. The only other evidence submitted to the referee was the testimony of a Bureau examiner, David L. Glancy, who had talked to Claimant after the issuance of the notices of determination. Mr. Glancy testified that he never informed Claimant that he should not file an appeal. Accordingly, the only issue that was before the Board was a question of credibility, and by affirming the referee's specific finding that Claimant had not been misled into delaying the filing of his appeal, the Board clearly found Claimant's testimony not to be credible. Since the resolution of such questions of credibility are within the sole province of the Board, *Rice v. Unemployment Compensation Board of Review,* 19 Pa.

---

[1] "Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law." *Spinelli v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 358, 360, 437 A.2d 1320, 1321 (1981).

Commonwealth Ct. 592, 338 A.2d 792 (1975), we will affirm.

Accordingly, we will enter the following

ORDER

Now, August 27, 1982, the order of the Unemployment Compensation Board of Review dated May 21, 1980, Decision No. B-184312, is affirmed.

Judge MENCER did not participate in the decision in this case.