531 A.2d 852

Karen L. Polakovic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 11, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard G. Fishman,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 1, 1987:

Karen L. Polakovic, claimant, appeals an order of the Pennsylvania Unemployment Compensation Board of Review dismissing her appeal from a referee's decision denying her unemployment benefits. The board found that claimant's appeal was not timely filed, and that, under Pennsylvania's Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §822, it did not have jurisdiction to accept an appeal filed after the expiration of the statutory appeal period.

The sole issue for review is whether claimant's late appeal from the referee's decision should be permitted nunc pro tunc because notice of the referee's determination did not include a pink card explaining claimant's appellate rights.

Both the Office of Employment Security and the referee denied benefits. The claimant received the referee's decision, dated March 12, 1986. Under section 502 of the Law, 43 P.S. §822, parties have fifteen days from the date of the referee's decision to file an appeal with the board. The last day for claimant to file a timely appeal was March 27, 1986; claimant filed her appeal April 4, 1986.

Claimant argues that failure to include the pink card, which outlines appellate procedures before the board, constituted negligent misinformation by the administrative agency. Claimant acknowledges that the copy of the referee's decision which she did receive included the following:

*NOTICE:* You have the right to file a further appeal within fifteen days after the mailing date of

this decision. For more information, please read the enclosed card.

Claimant states that she did not read this notice. Claimant concludes by arguing that the above notice was also misleading, because no pink card was included in the envelope and no information on the appeal process was given.

The statutory time limit for filing an appeal from a referee's determination is mandatory in the absence of fraud or manifestly wrongful or negligent conduct by the administrative agency; the claimant bears the burden of proof to establish administrative error to allow an appeal nunc pro tunc. *Berger v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 476, 449 A.2d 818 (1982); *Mogil v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 635, 413 A.2d 480 (1980). Claimant argues that the agency's failure to include the pink card with the referee's decision constituted such negligent conduct.

However, this court has held that the Law places no duty on the board to include detailed notice of appeal procedures from an adverse decision, nor is such a duty imposed by due process. *Mogil,* 50 Pa. Commonwealth Ct. at 637, 413 A.2d at 481. The fact that the board did include notice on the referee's decision, coupled with claimant's admission that she did not read this notice, negates the validity of claimant's statement that she was misled or misinformed regarding the time period for appeal. Had claimant read this notice, she would have known that action was required within fifteen days, and that the pink card was absent.

We conclude that claimant has not met her burden of proof that her appeal was untimely because of the board's wrongful conduct, rather than her own negligent reading of the referee's decision. Accordingly, we agree with the board's finding that claimant was not misled

650 ■

regarding the time period for appeal, and affirm the board's conclusion that it did not have jurisdiction to hear claimant's appeal nunc pro tunc.

## ORDER

Now, October 1, 1987, the decision of the Unemployment Compensation Board of Review, Decision No. B-251813, dated August 12, 1986, is affirmed.