IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandy L. Witmer,       :
      Petitioner    :
            :
     v.        : No. 1214 C.D. 2016
            : SUBMITTED: January 13, 2017
Unemployment Compensation  :
Board of Review,      :
      Respondent  :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE JULIA K. HEARTHWAY, Judge
      HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
JUDGE HEARTHWAY      FILED: May 16, 2017


    Brandy Witmer (Claimant) petitions, *pro se*, for review from the decision of the Unemployment Compensation Board of Review (Board), affirming a referee's decision dismissing Claimant's appeal of her denial for unemployment compensation benefits by the Department of Labor & Industry (Department). The dismissal was based on the referee's determination that Claimant's appeal was untimely under section 501(e) of the Unemployment Compensation Law (Law).[1] We affirm.

    Claimant was employed by the Commonwealth of Pennsylvania, Department of General Services, for approximately 19 years. At the conclusion of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

her employment with the Commonwealth, Claimant filed for unemployment compensation benefits on September 20, 2015. Thereafter, Claimant was employed as a server by GMRI, Inc., from October 6, 2015 until October 31, 2015.

On December 9, 2015, the Department issued a Notice of Determination (Notice) to Claimant denying benefits under section 402(b) of the Law because she voluntarily quit her job with GMRI. On that same date, the Notice was mailed to Claimant at her last known address. The Notice stated that December 24, 2015 was the last day on which she could file an appeal of the determination. On January 12, 2016, Claimant told a Department representative that she had not received the copy of the Notice mailed to her on December 9, 2015. The Department mailed a second copy of the Notice to Claimant, who filed an appeal on January 20, 2016.

A hearing was scheduled for March 3, 2016 before a referee. Claimant did not attend the hearing because she did not receive notice of the hearing until the afternoon of March 3, 2016, after the hearing had taken place. The next day, the referee issued a decision and order dismissing Claimant's appeal as untimely.

Claimant appealed the referee's dismissal to the Board. On April 4, 2016, the Board issued a memorandum directing the referee to schedule a remand hearing to take evidence on the reason for Claimant's non-appearance at the March 3, 2016 hearing; the timeliness of Claimant's appeal from the Department's determination; and on the merits of her claim. Claimant provided such evidence at

2

the remand hearing on April 20, 2016. Thereafter on June 2, 2016, the Board issued a decision and order dismissing Claimant's appeal and affirming the decision of the referee that Claimant's appeal was untimely. This appeal followed.[2]

The issue in this case is whether Claimant filed a timely appeal to the Department's determination that she was ineligible for benefits. Section 501(e) of the Law provides that determinations by the Department become final if not appealed within fifteen days after the notice mailing date. 43 P.S. § 821(e). The Board does not have jurisdiction to consider an untimely appeal. *Edwards v. Unemployment Compensation Board of Review*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994). The fifteen-day limit is mandatory absent fraud or manifestly wrongful or negligent conduct of the administrative authorities. *Polakovic v. Unemployment Compensation Board of Review*, 531 A.2d 852 (Pa. Cmwlth. 1987). Appellants carry a heavy burden to justify an untimely appeal. *Blast Intermediate Unit No. 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994).

The Department mailed the Notice to Claimant's last known mailing address on December 9, 2015. The Notice stated that December 24, 2015 was the deadline for Claimant to appeal the determination. Claimant filed her appeal on January 20, 2016. The Board found that there was no evidence that the Notice was

---

[2] Our standard of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Bd. of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

3

returned as undeliverable by postal authorities. The Board also found that Claimant's testimony that she did not receive the December 9, 2015 Notice was not credible. The Board concluded that Claimant's appeal was untimely.

Claimant argues here, as she did before the referee and the Board, that she did not receive the Notice mailed to her on December 9, 2015 because she was experiencing difficulty receiving her mail from a new mail carrier. She seeks to relitigate the factual findings of the Board. However, in an unemployment compensation case, "the Board is the ultimate finder of fact, and questions of credibility. . . are matters for the Board as factfinder and not for a reviewing court." *Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1087 (Pa. Cmwlth. 1997) (citation omitted).

"Where notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period provided in section 501(e) of the Law." *Mihelic v. Unemployment Compensation Board of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979) (citation omitted). In this case there was no credible evidence to rebut that presumption.

A review of the record confirms that the Board's findings are supported by substantial evidence. The Board did not err in dismissing Claimant's appeal as untimely under section 501(e) of the Law. Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandy L. Witmer,                          :
                    Petitioner             :
                                           :
          v.                               :   No. 1214 C.D. 2016
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :


O R D E R


AND NOW, this 16th day of May, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.


_____
JULIA K. HEARTHWAY, Judge