J-A23041-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RODMAN C. THOMPSON, JR. | |
| Appellant | No. 334 WDA 2018 |

Appeal from the Order Entered December 6, 2017
In the Court of Common Pleas of Cameron County
Criminal Division at No: CP-12-SA-01-2015

BEFORE: BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                FILED DECEMBER 31, 2018

In this pro se appeal filed on December 6, 2017, Appellant, Rodman C. Thompson, Jr., challenges various orders entered in the Court of Common Pleas of Cameron County stemming from, in significant part, the judgment of sentence imposed on July 26, 2016, following Appellant's summary offense conviction for pulling an unregistered trailer on Commonwealth highways. 75 Pa.C.S.A. § 1301(a). Upon review, we dismiss the appeal.[1]

_____

[1] In his notice of appeal, Appellant suggests he is filing an appeal from orders entered on November 14, 2017. Although the trial court entered two orders following proceedings held on that date, the orders were actually entered on November 28, 2017 and December 6, 2017, respectively. Because the notice of appeal was filed within 30 days of the entry of both orders, we begin our review accepting that the appeal is timely filed with respect to those orders. For purposes of the caption, we shall adopt December 6, 2017 as the date of the order from which this appeal is taken.

As the trial court explained:

On June 19, 2015, Trooper Josiah Reiner of the [Pennsylvania State Police] filed a citation alleging that [Appellant] violated 75 Pa.C.S.A. [§] 1301(a) of the Vehicle Code for pulling an unregistered trailer on the highways of the Commonwealth. [Appellant] was found guilty by the Magisterial District Judge and this timely appeal followed. A hearing was conducted before the undersigned on June 21, 2016, at which time Trooper Reiner and [Appellant] testified. Both [Appellant] and the Commonwealth have filed briefs in support of their respective positions. Although [Appellant] has argued in his brief that his conviction for this summary traffic offense violates six provisions of the United States Constitution, at the time of the hearing testimony centered on the question of whether [Appellant's] trailer was exempt from Pennsylvania's registration requirements. Specifically, [Appellant] asserted that his trailer did not have to be registered because it was used for purposes of husbandry and therefore exempt ostensibly under certain provisions of 75 Pa.C.S.A. [§] 1302. The evidence, including testimony and photographs introduced at the time of the hearing[,] leads to the following factual determination.

[Appellant] arrived at the Pennsylvania State Police Barracks in Emporium on the morning of June 18, 2015. [Appellant] lives at 988 Mc[D]ivitt Rd., Curwensville, Pennsylvania, some 60 miles from the PSP Barracks in Cameron County. He was towing the trailer in question with his pickup truck. It is not clear whether [Appellant] had gone to the State Police Barracks to report a crime at his house or that of a friend who apparently lives approximately 60 miles from his home on Sizerville Rd. Trooper Reiner responded to the reported incident by following [Appellant] to the location of the alleged incident.

Trooper Reiner observed that the trailer [Appellant] was driving did not have a registration tag and when confronted with the Trooper's observation [Appellant] admitted that the trailer was neither registered nor titled. Thereafter, [Appellant] was cited for this and other violations of the Vehicle Code. The photographs of the trailer reveal a basic three-sided trailer with a place for a gate on the rear. It contained, at the time, a variety of items including some kind of gas/type tanks and none of which appear to be inherently agricultural in nature.

The trailer had been converted from its former use as a manure spreader, and in the past [Appellant] had towed it to his friend's house on Sizerville Rd. to help her organize the contents of her home and he used the trailer to display the items for sale in front of her house. The trailer had only been on the road a limited number of occasions and was used by [Appellant] for harvesting sweet corn and hauling fire wood.

Trial Court Opinion, 7/26/16, at 1-2 (unnumbered) (footnote omitted).

Contemporaneously with issuance of the opinion, the trial judge, Senior Judge John A. Bozza, rendered his verdict finding Appellant guilty of a summary offense for pulling an unregistered trailer on Commonwealth highways in violation of 75 Pa.C.S.A. § 1301(a). He sentenced Appellant to pay prosecution costs of $111.50 and a $75.00 fine. In his order, Judge Bozza advised Appellant of his right to appeal to this Court within 30 days and informed him that the finding of guilty and imposition of sentence constituted a final order for purposes of appeal. He also informed Appellant that no post-sentence motions could be filed other than a motion for reconsideration. Order, 7/26/16, at 1.

Appellant filed a motion for reconsideration on August 10, 2016 and a corrected motion for reconsideration on August 16, 2016. He did not file an appeal to this Court within 30 days of the July 26, 2016 order. The trial court did not rule on the motion for reconsideration.

On June 8, 2017, the Commonwealth filed a motion for a finding of contempt for Appellant's failure to pay costs and the fine as ordered. On June 26, 2017, Appellant filed a document styled "Petition for Writ of

Mandamus/Quo Warranto." Cameron County President Judge Richard A. Masson issued an order scheduling a November 14, 2017 hearing on both filings. Order, 9/28/17.

Prior to the November 14 hearing, Judge Masson entered an order denying a "nunc pro tunc motion for review and joinder" filed by Appellant on October 18, 2017. Order, 10/26/18, at 1.[2] In that order, Judge Masson suggested that Appellant was attempting to file a summary appeal nunc pro tunc from the order entered by Judge Bozza in July 2016, an order Appellant did not appeal. Judge Masson posited that Appellant was trying to join an untimely appeal from the July 2016 order with a separate pending summary appeal that Appellant filed at SA-3-2017. In that case, Appellant was convicted of both operating a vehicle without an official certificate of inspection and a seatbelt violation. Judge Masson denied the motion, commenting that Appellant "cannot bootstrap a moribund appeal from a July [26], 2016 conviction to a viable appeal from a 2017 conviction in an entirely different case and hope to revive the patently time barred summary appeal of his July [26], 2016 conviction." Id.

_____

[2] While the October 26, 2017 order is included in the record on appeal, it is not listed on the trial court docket. Its absence from the docket is likely responsible for comments subsequently made by Judge Masson, indicating the order did not exist. See Trial Court Rule 1925(a) Opinion, 3/7/18, at 3.

During the November 14 hearing, Judge Masson heard testimony relating to the contempt petition and determined that Appellant had not willfully failed to comply with the July 2016 order because he misapprehended the effect of his motion for reconsideration. Notes of Testimony ("N.T."), 11/14/17, at 17-20. Appellant testified that he could begin paying his outstanding costs and fine at the rate of $20.00 per month. Id. Consequently, by order entered on December 6, 2017, the court directed Appellant to begin monthly payments of $20.00 toward the sum owed for costs and his fine. Order, 12/6/17.

The trial court next addressed Appellant's petition for writ of mandamas and quo warranto filed in response to the Commonwealth's contempt petition. The court denied the petition without prejudice, noting the proper procedure for commencing an action for mandamus or quo warranto required the filing of a complaint or, alternatively in the case of mandamus, the filing of an agreement for an amicable action. N.T., 11/14/17, at 20-22. The order was entered on November 28, 2017.

The trial court also considered the summary appeal filed by Appellant at SA-3-2017 to which the court referred in its October 26, 2017 order discussed above. Because certain evidentiary materials were not available at the time of the hearing, the court continued those proceedings to a later date. N.T., 11/14/17, at 33-35.

On December 13, 2017, Appellant filed a notice of appeal in the Commonwealth Court, asserting he was filing an appeal from five orders, i.e., Judge Bozza's July 2016 order imposing judgment of sentence; a second order entered by Judge Bozza in July 2016, denying Appellant's motion for an extension of time to file a reply brief; the October 26, 2017 order denying Appellant's "Nunc Pro Tunc Motion for Review and Joinder"; the November 28, 2017 order denying Appellant's motion for mandamus/quo warranto; and the December 6, 2017 order finding Appellant not in contempt, which Appellant mischaracterizes as the order "imposing sentence, the final order in this matter." See Notice of Appeal, 1423 CD 2017.

On December 27, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal. On January 16, 2018, Appellant filed a "Concise Statement of Errors." On January 30, 2018, he filed an untimely "Concise Statement of Errors, Corrected."[3]

By per curiam order of February 14, 2018, the Commonwealth Court transferred the appeal to this Court. On March 7, 2018, Judge Masson issued a Rule 1925(a) opinion that began with the following observation:

> In navigating the labyrinth of Byzantine complexity that is the appellant's timely concise statement of errors filed January 16, 2018 and the untimely "concise statement of errors corrected"

_____

[3] The later filing was untimely and, therefore, of no consequence. Nevertheless, we note that it appears to be identical in almost every respect to the original statement filed on January 16, 2018, adding only an allegation of error with relation to the prosecutor and Judge Masson.

filed January 30, 2018, it is difficult to fathom the breadth and scope of the issues being promoted by appellant. However, it is clear that the manifest defects in the record may foreclose consideration of the appeal.

Trial Court Rule 1925(a) Opinion, 3/7/18, at 1. The court provided a thorough procedural history of the various proceedings leading to the orders from which Appellant purports to appeal in the instant case. The court also set forth its bases for determining Appellant is not entitled to relief on any discernible issues he asks this Court to consider. Id. at 1-4.

In his brief, Appellant sets forth eleven issues, each with at least two, and as many as seven, subparts. We recognize Appellant is pro se. Nevertheless, his decision to represent himself before this Court does not entitle him to any special consideration and certainly does not absolve him from following our procedural rules. As this Court explained in Commonwealth v. Maris, 629 A.2d 1014 (Pa. Super. 1993):

> "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof." [Commonwealth v. Sanford, 445 A.2d 149, 150 (Pa. Super. 1982].[1]
>
> > [1] We are not insensitive to the fact that Maris is a pro se appellant. In his brief, Maris states that he "has a limited education and no knowledge of the law." Appellant's brief at 3. This Court "is willing to liberally construe materials filed by a pro se appellant"; however, Maris is not entitled to special treatment by virtue of the fact that he "lacks legal training." O'Neill v. Checker Motors Corp., [], 567 A.2d 680, 682 ([Pa. Super.] 1989).

Id. at 1017. "[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal

training will be his undoing." Commonwealth v. Adams, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

We find Appellant's brief deficient in many respects. For instance, his table of citations consists of four pages of case names with partial citations and occasional references to where in the brief the cases are mentioned. Appellant's Brief at 3-6. His "scope of review" is a listing of the individuals whose actions he calls into question, including the state trooper, the magistrate district judge, Judge Bozza, the Commonwealth's attorney, Judge Masson, and the prothonotary. Id. He suggests the "standard of review" is simply "trial de novo/clear error." Id. The statement of questions involved does not track Appellant's concise statement in any logical way, and his argument is not divided into as many sections as there are questions presented. Id. at 14-17; 22-30. In addition, his summary of argument is an outline, rather than a concise summary of the arguments. Id. at 20-22.

Moreover, we note that the orders identified in Appellant's notice of appeal and his brief were entered on four different dates. As Judge Masson observed:

> The layering of appeals to five [] identified orders of varying dates is not permitted by the Rules of Appellate Procedure. Rather, the rules contemplate the filing of separate appeals to distinct orders of court, not a scattergun approach that includes orders both within and entirely outside the time for appeal allowed by Rule 903. A separate appeal is to be taken from each final order sought to be reversed and the taking of one appeal from several judgments is not an acceptable practice.

Trial Court Rule 1925(a) Opinion, 3/7/18, at 3 (citing Delaney v. Unemployment Compensation Board of Review, 28 Pa. Cmwlth. 453, 368 A.2d 1351 (1977)). See also Pa.R.A.P. 341 Note ("Where [] one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007)).

Appellant's violations of the procedural rules hinder our review. Based on the deficiencies in Appellant's notice of appeal and his brief, we could quash or dismiss Appellant's appeal for substantial failure to conform to the requirements of our appellate procedural rules. See Pa.R.A.P. 2101; Adams, 882 A.2d at 498; Pa.R.A.P. 341 Note. Rather than quash or dismiss the appeal based on deficiencies in Appellant's filings, we shall explain why Appellant is not entitled to relief from any of the five orders he challenges.

We first address some of the misconceptions held by Appellant that cloud his vision as to the merit of his claims. For instance, he asserts the trial court lacked jurisdiction over the trial de novo conducted by Judge Bozza in 2016. While Appellant has failed to cite any proper legal authority for the claimed lack of jurisdiction, he apparently believes that by simply making a "lack of jurisdiction" assertion, he can bring proceedings to a halt. He also believes he was deprived of his constitutional right to a trial by jury for the 2016 proceedings. Both claims lack merit. What Appellant fails to understand is that he filed a summary appeal from the magisterial district justice's finding

of guilt for pulling an unregistered trailer on Commonwealth highways in violation of 75 Pa.C.S.A. § 1301(a). In accordance with Pa.R.Crim.P. 462(A), "When a defendant appeals after . . . a conviction by an issuing authority in any summary proceeding, . . . the case shall be heard de novo by the judge of the court of common pleas sitting without a jury." Further, as this Court explained in Commonwealth v. Smith, 868 A.2d 1253 (Pa. Super. 2005):

> The United States and Pennsylvania Constitutions require that "one accused of a 'serious offense' be given a jury trial." Commonwealth v. Mayberry, 459 Pa. 91, 327 A.2d 86, 89 (1974). The decisions of the Supreme Court of the United States "have established a fixed dividing line between petty and serious offense: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes." Id. It is well settled, therefore, that "no right to a jury trial exists at such trials when a sentence of six months or less is imposed . . . The right to trial by jury preserved by the Pennsylvania Constitution is the right as it existed when such provision was first written into the state Constitution and does not apply to a summary proceeding for an ordinance violation." Bacik v. Commonwealth, 61 Pa. Cmwlth. 552, 434 A.2d 860, 863 (1981).

Id. at 1257.

Another legal principle misunderstood by Appellant is the time limitation for filing an appeal to this Court from a final order, such as the order entered by Judge Bozza on July 26, 2016. In accordance with our procedural rules, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. See Pa.R.A.P. 903(a). We strictly construe time limitations for taking appeals and cannot extend them as a matter of grace. See Commonwealth v. Patterson, 940 A.2d 493, 497-98 (Pa. Super. 2007), appeal denied, 960 A.2d 838 (Pa. 2008).

Appellant believes that his motion for reconsideration of Judge Bozza's July 26, 2016 order tolled the 30-day appeal period. He is wrong.

> Although there are no post-sentence motions in summary appeals following the trial de novo pursuant to paragraph (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration. See the Judicial Code, 42 Pa.C.S. § 5505. See also Commonwealth v. Dougherty, 451 Pa. Super. 248, 679 A.2d 779, 784 (1996). The time for appeal in summary cases following a trial de novo runs from the imposition of sentence.

Pa.R.Crim.P. 720 cmt. (emphasis added). The filing of a motion for reconsideration does not toll the appeal period. Appellant should have filed a notice of appeal to ensure preservation of his appellate rights, in the event the court did not expressly grant reconsideration within the thirty-day appeal period. See Commonwealth v. Moir, 766 A.2d 1253, 1254 (Pa. Super. 2000). In other words, the mere filing of a motion for reconsideration did not toll the thirty-day appeal period.

As for the orders themselves, Appellant challenges two orders entered by Judge Bozza on July 26, 2016. One is an order denying an extension of time to file a brief. The order was not a final order, i.e., one that resolved all issues against all parties, and therefore was not appealable. "In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." Commonwealth v. Brister, 16 A.3d 530, 533 (Pa. Super. 2011) (citations omitted). Just as in Brister, there is no question that the trial court's July 26, 2016 order

denying an extension of time is not a final order, as it did not dispose of all claims and all parties. Id. (citing Pa.R.A.P. 341(b)(1)).

The second order entered by Judge Bozza on July 26, 2016, is the order finding Appellant guilty of violating the motor vehicle code and imposing fees and costs totaling $186.50. As already explained, an appeal from that final order had to be filed within 30 days of entry of the order. Appellant filed the instant appeal on December 13, 2017. As an untimely appeal, this Court has no jurisdiction to entertain it, and we may raise such jurisdictional issue sua sponte. Commonwealth v. Capaldi, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted).

The third order in question is Judge Masson's October 26, 2017 order denying Appellant's "Nunc Pro tunc Motion for Review and Joinder." As the Commonwealth suggests, it appears Appellant was asking the court to revive the action disposed of by Judge Bozza in July of 2016 by combining it with another summary appeal relating to his separate 2017 conviction. Again, the 2017 conviction involved driving a vehicle without a proper inspection sticker, while not wearing a seatbelt. Commonwealth Brief at 5. At the time the motion was filed, the trial court had not yet conducted a de novo trial on Appellant's summary appeal. Even if the October 26, 2017 order constituted an appealable order, which it did not, Appellant's time for appealing that order would have expired 30 days later, prior to December 13, 2017 filing of this appeal, and this Court would have no jurisdiction to entertain it.

The fourth order challenged by Appellant is the November 28, 2017 order entered by Judge Masson granting the Commonwealth's oral motion to strike the "Petition for Writ of Mandamus/Quo Warranto" filed by Appellant as a reply to the Commonwealth's petition for contempt, and denying the petition without prejudice. Judge Masson explained that an action in mandamus must be initiated by either complaint or an agreement for an amicable action, while an action in quo warranto must be initiated by complaint. See Pa.R.C.P. 1093 and 1113. Appellant instead filed a petition that did not comply with the procedural rules for mandamus or quo warranto. Judge Masson stated that he would grant the Commonwealth's motion to strike while denying the petition without prejudice "so that, if [Appellant] thinks he has some claim that fits within a mandamus or quo warranto, if he presents it in the necessary pleading framework, it could be addressed." N.T., 11/14/17, at 21. Judge Masson reasoned,

> The filing of a petition for mandamus/quo warranto in a summary appeal is beyond the pale of a cognizable pleading to initiate such claims. This court properly determined that the fatal procedural flaws in appellant's petition warranted the grant of the motion to strike and the denial of the petition without prejudice.

Trial Court Rule 1925(a) Opinion, 3/7/18, at 4 (emphasis added). The trial court's November 28, 2017 order striking the Appellant's petition as a reply to the Commonwealth's petition for contempt did not dispose of all claims and of all parties at that time. Therefore, the order striking the Appellant's petition

did not constitute a final order. Because the November 28, 2017 order was not final under Pa.R.A.P. 341, no appeal could lie from that order.

The fifth order included in Appellant's appeal is the December 6, 2017 order finding Appellant was not in contempt and acknowledging Appellant's agreement to make $20.00 monthly payments toward the $186.50 he owed from his July 2016 summary conviction. As Judge Masson explained, a reading of the transcript from the November 14, 2017 proceedings—which resulted in issuance of both the November 28 and December 6, 2017 orders—makes it

> manifestly clear that despite appellant's assertion that any sentence was imposed on November 14, 2017, the issues addressed by the court related to the Commonwealth's contempt petition and appellant's petition for writ of mandamus/quo warranto. After the court found appellant was not in contempt, the court engaged the appellant in an ability to pay proceeding which result in the appellant offering to pay, albeit after some prompting, $20 a month on the fines and costs and the court finding that was sufficient.

Id. (some capitalization omitted). "The refusal of a lower court to enter an order holding someone in contempt may be a 'final order,' but only if the refusal is tantamount to denying the party requesting the order relief to which that party has a right under an earlier final order." Commonwealth v. Guardiani, 310 A.2d 422, 424 (Pa. Super. 1973). Here, Judge Masson denied the Commonwealth's petition but reached an agreement with Appellant under which he would begin paying the sums imposed following his July 2016 judgment of sentence. Under Guardiani, the December 6, 2017 order does not constitute a final, appealable order under Rule 341.

- 14 -

Appellant is attempting to appeal a final order from 2016, well beyond the appeal period, and is also attempting to appeal from interlocutory orders. Therefore, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2018