Violet G. Shimko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges MEN-CER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Violet G. Shimko,* for herself, petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, and *Richard Wagner,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, November 18, 1980:

Violet G. Shimko (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review, which upheld the decision of the referee denying benefits. We affirm.

This case arose because there were three complementary yet distinct unemployment compensation programs in effect when the petitioner applied for benefits. The regular Pennsylvania unemployment compensation program provided for up to 39 full weeks of benefits for qualified applicants. Section 404 of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §804. Once regular benefits were no longer available, an eligible applicant could receive up to 13 weeks of benefits under the extended benefits program. Section 401-A of the Unemployment Compensation Law, added by Section 2 of the Act of February 9, 1971, P.L. 1, 43 P.S. §811. Finally, there was a special federal supplemental benefit program which would provide up to 13 more weeks of benefits after extended benefits were exhausted. Emergency Unemployment Compensation Act of 1974, 26 U.S.C.A. §3304 note.

The petitioner applied for benefits on July 24, 1977, but it was determined that she was no longer eligible for regular benefits under Section 404 of the Unemployment Compensation Law. She was then considered for extended benefits under Section 401-A et seq., but there was some question concerning her physical ability to work. Benefits were denied pending receipt by the Office of Employment Security (OES) of a valid doctor's certificate concerning the petitioner's physical condition. The petitioner did not appeal this denial of benefits.

Some 5 weeks later the certificate was obtained and the petitioner became eligible for extended benefits for the week ending September 3, 1977. The petitioner received extended benefits for 9 weeks, exhausting her eligibility under the extended benefits program on October 29, 1977. She then applied for federal supplemental benefits but was denied because of Section 102

(f) of the Emergency Unemployment Compensation Act of 1974, *as amended* by the Act of April 12, 1977, which provided that "[n]o emergency compensation shall be payable to any individual . . . (A) for any week ending after October 31, 1977," unless the applicant was eligible for federal supplemental benefits for at least one week ending *before* October 31, 1977.

The referee determined that the petitioner was ineligible for federal supplemental benefits prior to October 24, 1977, and therefore did not have a week which ended prior to October 31, 1977 during which she was eligible for federal supplemental benefits. The petitioner asserts that she would have had such a week if benefits for the period from July 24 through August 23 had not been improperly denied. She testified that she was initially informed by an employee of the OES that the denial of benefits for that period would not cause her to be ineligible for federal supplemental benefits, and she argues that this information caused her to refrain from appealing the denial. She also asserts that if she had appealed the denial, she would have prevailed.

This case is very similar to that of *Lentz v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 544, 402 A.2d 1127 (1979). In *Lentz,* an employer did not appear at a hearing on his appeal from the award of benefits to a former employee, and the award was affirmed. Later, the former employee filed an application for benefits for a second benefit year. This time the employer attempted to contest the award of benefits on the ground that the former employee had been discharged for willful misconduct. This court ruled that the employer could have asserted willful misconduct in the original appeal but, having failed to do so, he could not attack the initial award of benefits collaterally by contesting the issue in the second claim.

In the present case, the petitioner failed to appeal the initial denial of benefits for the period from July 24 through August 26, 1977. Only after she had been found ineligible for federal supplemental benefits at the end of October did she assert that the initial denial of benefits had been improper. Our holding in *Lentz* clearly bars this type of collateral attack.

We also note that an appeal of the initial denial of benefits would now be barred by the 15-day limitation imposed by Section 501(e) of the Unemployment Compensation Law, 43 P.S. §821(e). This time limit expired at least 6 weeks before the present appeal was filed, and there were no valid reasons for extending it.

This court has held that the time limit for appeals in unemployment compensation cases is mandatory and may only be extended where the claimant has been deprived of his right to appeal by fraud or its equivalent. *Berry v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 565, 382 A.2d 487 (1978). Even if it is true that the petitioner had been told by an OES employee that the initial denial of benefits would not cause her to be ineligible for federal supplemental benefits, the petitioner subsequently received several written notices with her extended benefits checks which stated in part that "no Federal Supplemental Benefits (FSB) will be payable to any claimant who has not established entitlement on or before October 29, 1977."[1] This was clearly sufficient to put the petitioner on inquiry such that she should have sought clarification of her position. Having been put on notice during the month of September, she cannot assert that her failure to seek an appeal of the initial denial of benefits until the end of October was caused by fraud or its equivalent.

---

[1] A duplicate of the notice is contained in the original record, attached to Item 2.

Therefore, we will enter the following

ORDER

AND NOW, this 18th day of November, 1980, the order of the Unemployment Compensation Board of Review of March 13, 1978, denying the appeal of Violet G. Shimko is hereby affirmed.