William J. Pickering, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 7, 1983, to Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

316

■■■■■■■■■

*Ben W. Joseph,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 15, 1984:

This is an appeal by William J. Pickering (Claimant) of an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee dismissing as untimely Claimant's appeal from an Office of Employment Security determination.

Claimant was last employed as a maintenance man by the Tombrock Corporation. He was laid off from that position and filed for unemployment compensation benefits. The Office of Employment Security (OES) determined that Claimant was eligible for benefits at a rate of $163.00 per week but deducted $155.00 from his weekly amount under Section 404(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, *Second Ex. Sess.,* P.L. (1937) 2897, *as amended,* 43 P.S. §804(d). Section 404(d) provides, in pertinent part:

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred eighty, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of

such individual, which is reasonably attributable to such week, in accordance with this subsection.

Claimant had been receiving a service-connected disability pension since his retirement from the Philadelphia police force.

On December 7, 1981, Claimant received notice from the OES that his weekly benefits would be reduced by the amount of his disability pension. The notice advised Claimant of his right to appeal within fifteen days. Claimant did not file an appeal of the OES determination until February 1, 1982. Following a hearing, a referee determined that Claimant's appeal of the OES determination was untimely filed. On appeal to the Board, the matter was remanded to the referee for further hearing. Following that hearing the Board affirmed the decision of the referee. Appeal to this Court followed.

Before this Court, Claimant urges that the appeal period should be waived and stresses that on December 1, 1981, the Board issued a decision in another case which held that a disability pension received from the Philadelphia Police Department would not reduce unemployment compensation benefits. He argues that on December 7, 1981, the OES personnel knew or should have known about the December 1 decision and that had he or his counsel been aware of it, a timely appeal would have been filed. Claimant urges that his failure to file a timely appeal is therefore attributed to the error of the OES personnel.

It is well settled that the appeal process will be extended only where it can be shown that the compensation authorities have engaged in fraudulent conduct or its equivalent, *i.e.* wrongful or negligent conduct. *Berger v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 476, 449 A.2d 818 (1982); *Berry v. Unemployment Compensation*

*Board of Review,* 33 Pa. Commonwealth Ct. 565, 382 A.2d 487 (1978).

Claimant testified that in October of 1981, prior to the OES determination notice, Claimant was told by OES personnel that appeal of the deduction of his pension amount would have little chance of success. The record is equally clear, however, that Claimant fully understood his right to appeal.[1] Claimant testified to no inquiry regarding the likely success of an appeal after receipt of the December 7, 1981, notice during the running of the appeal period. Even if we were to charge OES personnel with immediate constructive knowledge of the December 1, 1981, Board decision, which we do not, we could not reasonably hold that the misinformed interpretation of the law offered months prior to the Board's decision constituted willful or negligent conduct equivalent to *fraudulent deprivation* of Claimant's appeal rights. The record in the case at bar shows only administrative misinterpretation of the law and misapplication of its provisions to Claimant's circumstances. This was simply legal error, not fraud, and it is just such errors which the administrative appeal process was designed to remedy. To challenge such misapplication and correct such errors, however, a claimant must file a timely appeal.

## ORDER

Now, February 15, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-206673, dated June 9, 1982, is hereby affirmed.

---

[1] Claimant testified that he also contacted his attorney who advised Claimant of his right to appeal but opined that an appeal would probably not be successful. The record does not disclose the source of the attorney's interpretation of the law.