Michael J. Phares, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Edith Benson,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, October 17, 1984:

Michael J. Phares, Claimant, appeals here from an order of the Unemployment Compensation Board of Review (Board), affirming a referee's dismissal as untimely of Claimant's appeal from the denial of benefits to him by the Office of Employment Security (OES), in that the appeal failed to meet the statutory time limit of Section 501(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e).

Claimant was employed by the United States Air Force as a Missile Maintenance Specialist from June 15, 1980 until July 10, 1981. On July 10, 1981, he was honorably discharged from the Air Force for drug abuse.

On July 12, 1981, Claimant applied for unemployment compensation benefits as authorized under the Omnibus Budget Reconciliation Act of 1981, Section 2405, 5 U.S.C. Section 8521 (1982). On August 26, 1981, the Office of Employment Security denied his application. Claimant testified before the referee that an OES employee informed him at a special interview that the OES had denied benefits because he was eligible for reenlistment. Prior to Claimant's discharge, however, his sergeant had told him that he would not be allowed to reenlist, due to the circumstances of his discharge. Although aware of his right to appeal, Claimant failed to file an appeal by September 10, 1981, the last day on which a timely appeal could be filed. Section 501(e) of the Law. Claimant testified before the referee that he appealed after the statutory time limit because he believed the OES representative's assertion that he could re-enlist. Several weeks

later, when he attempted to re-enlist, he was informed that he could not do so for at least two years. On February 4, 1982, the claimant appealed the OES determination.

The referee, in dismissing the appeal for untimeliness found that Claimant was "neither misinformed nor in any way misled regarding the right to appeal." The Board upheld the referee's decision. Claimant argues that the negligent or wrongful conduct of the Office of Employment Security representative, in allegedly stating that Claimant could re-enlist immediately, deprived him of his right to appeal.

Section 501(e) of the Law requires the filing of an appeal within fifteen calendar days after an adverse decision is personally delivered or mailed to a claimant's last known address. It is well settled that the statutory time period for appeals under Section 501 (a) is mandatory, except where the administrative authorities have engaged in fraud or its equivalent, *i.e.,* wrongful or negligent conduct. *Effort Foundry v. Commonwealth Unemployment Compensation Board,* 52 Pa. Commonwealth Ct. 356, 415 A.2d 1263 (1980); *Shimko v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 578, 422 A.2d 726 (1980); *Berry v. Unemployment Compensation Board of Review,* 488 Pa. 180, 411 A.2d 1198 (1980).

In *Pickering v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 315, 471 A.2d 182 (1984), this Court applied the words "fraud or its equivalent" to a set of facts quite similar to those presently before this Court. In *Pickering,* the OES deducted the amount of the claimant's disability pension, $155.00 per week, from his unemployment compensation benefits. On December 7, 1981, the claimant received notice from the OES that his weekly benefits would be reduced. The claimant testified that

in October of 1981, prior to the OES determination notice, OES personnel had told him that an appeal for the deduction of his pension amount would have little chance of success. This information allegedly discouraged the claimant from filing a timely appeal. On December 1, 1981, however, the Board issued a decision in another case which held that a disability pension received from the Philadelphia Police Department would not reduce unemployment compensation benefits. The claimant argued that on December 7, 1981, the OES personnel knew or should have known about the December 1, 1981 decision and should have made him aware of that decision. The claimant thus attributed his failure to file a timely appeal to the error of the OES personnel. This Court rejected the claimant's argument, stating:

> Even if we were to charge OES personnel with immediate constructive knowledge of the December 1, 1981, Board decision, which we do not, we could not reasonably hold that the misinformed interpretation of the law offered months prior to the Board's decision constituted willful or negligent conduct equivalent to *fraudulent deprivation* of the Claimant's appeal rights. The record in the case at bar shows only administrative misinterpretation of the law and misapplication of its provisions to Claimant's circumstances. This was legal error, not fraud, and it is just such errors which the administrative appeal process was designed to remedy. (Emphasis the Court's.)

*Id.* at 318, 471 A.2d at 184.

Under the principle set forth in *Pickering*, the OES representative's error in the present case constituted only an administrative misinterpretation of the law which was not equivalent to *fraudulent deprivation* of Claimant's appeal rights. The case involves at

most legal error, not fraud or manifestly wrongful or negligent conduct, which would justify extension of the statutory time limit for appeals.

Moreover, even if it were true that the OES representative made the statements attributed to her by Claimant and that the statements could be characterized as the equivalent of fraud, the statements of Claimant's sergeant that Claimant could not re-enlist immediately certainly put Claimant on notice that the OES representative's information might be incorrect. We must remember, of course, that the issue here is not the validity of the statements by agency personnel, official or unofficial, which a litigant chooses not to challenge on appeal. Rather the sole issue here is whether or not there was agency conduct *as to the right of appeal* and not as to the appeal's merits, which would warrant extension of the appeal time. In any event, on the failure to appeal on the basis of misinformation by agency personnel as to the merits of an appeal, in *Shimko,* where an OES representative allegedly told the claimant that a denial of Pennsylvania Unemployment Compensation benefits would not later affect her eligibility for federal supplemental benefits, and the claimant did not appeal the denial of the Pennsylvania benefits, and where the information turned out to be incorrect and the claimant was denied federal supplemental benefits, this Court, in affirming the refusal to extend the 15-day period to appeal the initial denial of benefits, stated:

> Even if it is true that the petitioner had been told by an OES employee that the initial denial of benefits would not cause her to be ineligible for federal supplemental benefits, the petitioner subsequently received several written notices with her extended benefits checks which stated in part that "no Federal Supplemental Benefits (FSSB) will be payable to any claimant who

has not established entitlement on or before October 29, 1977.'' This was clearly sufficient to put the petitioner on inquiry such that she should have sought clarification of her position. Having been put on notice during the month of September, she cannot assert that her failure to seek an appeal of the initial denial of benefits until the end of October was caused by fraud or its equivalent.

*Id.* at 582, 422 A.2d at 728.

In the present case, Claimant's sergeant told him that he would not be allowed to re-enlist immediately. Consequently, Claimant was on notice that the statements of the OES representative might be incorrect and he should have verified those statements. Moreover, printed matter on the notice of determination which Claimant received from the OES informed Claimant that he could appeal the OES decision and that he had fifteen days to do so. As in *Shimko,* we believe that Claimant cannot assert that his failure to appeal the denial of benefits was caused by fraud or its equivalent.

Order affirmed.

ORDER

Now, October 17, 1984, the order of the Unemployment Compensation Board of Review, dated July 21, 1982, Decision No. B-208154, is hereby affirmed.