IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rosanne Wadsworth, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 436 C.D. 2021 |
| | : | Submitted: October 18, 2021 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 13, 2022


Rosanne Wadsworth (Claimant) petitions for review of the March 30, 2021 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the Unemployment Compensation Referee (Referee), dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  Claimant presents two issues for our

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).  Section 501(e) of the Law provides in relevant part:

> (e) Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department . . . within fifteen calendar days after such notice was

**(Footnote continued on next page…)**

review: whether the Board erred when it affirmed the Referee's decision to dismiss Claimant's appeal as untimely, and, whether the Board erred when it found Claimant ineligible for benefits under Section 402(b) of the Law.[2]  After careful review, we affirm.

The relevant facts as found by the Referee are not in dispute.  Claimant was employed for six years as an income maintenance caseworker for the Commonwealth of Pennsylvania, at its assistance office in Easton, PA.  Reproduced Record (R.R.) at 16a.[3]  Claimant resigned from her position effective March 27, 2020, giving no reason, but she later claimed she resigned due to health issues and the need to move to another state to receive ongoing care from family members.  *Id.* at 13a, 18a, 21a.  The Office of Unemployment Compensation Benefits (UC Office) mailed Claimant a Notice of Determination, (Notice) with a mailing date of October 26, 2020, which denied benefits because Claimant failed to show that she had a

> . . . mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Section 501(e) of the Law was recently amended to permit timely appeals no later than 21 calendar days after the determination date on the Notice, which applies to determinations issued after July 24, 2021.  Because the Notices here were all issued before July 24, 2021, the 15-day appeal period still applies.

[2] 43 P.S. §802(b) provides that an employee shall be ineligible for unemployment compensation benefits (UC benefits) for any week in which her unemployment is due to "voluntarily leaving work without cause of a necessitous and compelling nature."

[3] Pa. R.A.P. 2173 states:  "Except as provided in Rule 2174 (tables of contents and citations), the pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."  Because the pagination of Claimant's Reproduced Record does not conform to the foregoing Rule, we will cite to the relevant pages as required by the Rule, using electronic pagination.

necessitous and compelling reason for resigning from her job, as required by Section 402(b) of the Law. *Id.* at 23a-25a. As listed numerous times on the Notice, the last day Claimant could timely file an appeal was November 10, 2020. *Id.* Claimant filed an appeal via email on December 4, 2020. *Id.* at 27a-30a.

A hearing was held by telephone before the Referee on January 7, 2021, at which Claimant represented herself and testified.[4] R.R. at 48a-79a. Although properly notified, Employer did not appear or participate in the January 7 hearing. *Id.* The Referee issued a Decision/Order dated January 12, 2021, dismissing Claimant's appeal as untimely. *Id.* at 80a-85a. The Referee found that "Claimant was not misled by the unemployment compensation authorities with respect to her appeal rights." *Id.* at 82a. The Referee based his findings on the competent evidence presented by Claimant and on a careful review of the documentary evidence. *Id.* The Referee did not find, and Claimant did not argue, that the Notice was mailed to an incorrect address or that she did not receive it. Thus, the sole issue before the Referee was whether Claimant met her burden to show that her late appeal was justified due to an administrative breakdown or Claimant's non-negligent conduct.

As to Claimant's justification for filing a late appeal, the Referee found that Claimant waited to file her appeal "based on her belief regarding the interplay between PUA [Pandemic Unemployment Assistance] and state unemployment compensation programs." R.R. at 82a. The Referee noted that Claimant testified "she was notified by an individual from Harrisburg of unknown identity on a date she cannot recall but believed to be on or near November 4, 2020, that filing an appeal on an unemployment compensation [N]otice . . . would make her ineligible for the PUA program." *Id.* The Referee also noted that Claimant testified that an

---

[4] Claimant is represented by an attorney in her appeal to this Court.

3

individual from North Penn Legal Services provided additional information that caused her to be misled, but Claimant acknowledged these conversations took place after the appeal deadline and that North Penn Legal Services did not represent her. *Id.* The Referee also noted that Claimant provided "vague testimony regarding other reasons for confusion" and did not identify details of any of these conversations. *Id.* The Referee noted that the claim record does not contain "any indication" of a November 4 call between Claimant and the UC Service Center. *Id.* at 83a.

Based on these findings, the Referee noted "the inconsistency between the competent evidence of the record and the testimony of [] Claimant and does not credit the inconsistent testimony." R.R. at 83a. The Referee further noted that "Claimant testified she chose to avail herself of the available unemployment compensation programs and concluded that she did not need to file the appeal but was not expressly told to do so." *Id.* The Referee thus concluded that Claimant's "subjective misunderstanding" was not sufficient to carry the heavy burden to establish justification for her late filing. *Id.*

Claimant appealed the Referee's decision to the Board, which issued a decision dated March 30, 2021, which affirmed the dismissal of Claimant's late appeal. R.R. at 99a. The Board adopted and incorporated the Referee's findings and conclusions, and added another finding that "Claimant delayed in filing her appeal because she thought that pursuing an appeal of her regular UC claim could affect her ability to collect PUA benefits." *Id.* The Board concluded that Claimant "subsequently filed a PUA claim instead of filing an appeal of regular UC claim. As such, [] [C]laimant's decision not to pursue an appeal of her regular UC claim until after the filing deadline is not a legally sufficient reason to accept her late appeal as timely." *Id.* Claimant then filed the instant petition for review of the Board's order.

4

On the untimely appeal issue before us, Claimant asserts that there was a breakdown in administrative authority and non-negligent circumstances beyond her control that caused Claimant to file an untimely appeal. Claimant argues that she was confused about the unemployment process, and that a UC or PUA representative misinformed her that she would be eligible for PUA benefits. Claimant contends that this misinformation led her to apply for PUA benefits and to not appeal the Notice. Claimant submits that when she later learned she was not eligible for PUA benefits on December 4, 2020, she then filed a late appeal of the UC denial. Claimant argues that UC officials misled her, which constitutes an administrative breakdown, or constitutes negligence by the PUA representative who allegedly misinformed her. Claimant claims that her conduct was non-negligent and beyond her control. In support of her arguments, Claimant points to her testimony at the hearing before the Referee and cites *Heck v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1273 C.D. 2018, filed October 19, 2020).[5]

The Board responds that Claimant's late appeal was not caused by agency fraud or administrative breakdown, but rather by Claimant's choice to seek PUA benefits instead of appealing the denial of her regular UC claim. The Board argues that Claimant's confusion over the appeal process does not justify filing a late appeal, when Claimant received the Notice which clearly stated the appeal deadline in writing numerous times. The Board cites *Pickering v. Unemployment Compensation Board of Review*, 471 A.2d 182 (Pa. Cmwlth. 1984), to support its argument that a legal error by UC personnel does not constitute fraud to justify a late appeal. In *Pickering*, the claimant was told by UC personnel that an appeal of the

---

[5] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

5

deduction of his pension amount from his UC benefits "would have little chance of success," and the claimant understood his appeal rights, and chose not to file an appeal. *Id.* at 184. When the claimant discovered a Board decision in another case which held that a disability pension would not reduce UC benefits, he filed a late appeal, arguing that the UC's misinformation amounted to fraudulent deprivation of his appeal rights. *Id.* In denying this claim the Court held that "[t]his was simply legal error, not fraud, and it is just such errors which the administrative appeal process was designed to remedy. To challenge such misapplication and correct such errors, however, a claimant must file a timely appeal." *Id.*

The Board also cites *Phares v. Unemployment Compensation Board of Review*, 482 A.2d 1187 (Pa. Cmwlth. 1984), to support its contention that a UC employee's legal error does not constitute fraud or administrative breakdown justifying a late appeal. In *Phares*, the Court concluded that a UC representative's statement to the claimant that he was denied UC benefits because he could reenlist in the military did not constitute fraud, when it was later determined that the claimant could not reenlist in the military. The Court concluded that the case involved "at most legal error, not fraud or manifestly wrongful or negligent conduct" which would justify a late appeal. *Id.* at 1189. The Court noted that the issue was "whether or not there was agency conduct *as to the right of appeal* and not as to the appeal's merits" that would warrant a late appeal. *Id.* (Emphasis in original.)

The following framework guides this Court's analysis of late-filed UC claims.

> If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the Board does not have the requisite jurisdiction to consider the matter. An appeal filed one day after the 15-day appeal period is untimely. However, the Board may consider an untimely

6

appeal in limited circumstances. The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." In unemployment compensation cases, the Board is the ultimate fact-finder. The Board's findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings.

*Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008) (citations omitted). Further, because Claimant had the burden of proving the timeliness of her appeal and was the only party to present evidence at the hearing, our review is limited to determining whether the Board capriciously disregarded competent evidence, whether constitutional rights were violated, or whether the Board committed an error of law. *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 842 n.4 (Pa. Cmwlth. 2017).

Based on our review of the record and the case law governing untimely appeals, we cannot conclude that the Board capriciously disregarded competent evidence or erred when it concluded that Claimant had not met her burden to justify her late appeal. There is no evidence in the record that any agency official told Claimant she could not appeal or should not appeal the Notice denying her UC benefits. The Board is the ultimate factfinder and is entitled to make its own determinations regarding witness credibility. *Constantini*, 173 A.3d at 843. The Board did not err when it found that Claimant delayed filing her UC appeal because she thought that pursuing the appeal could affect her ability to collect PUA benefits.

7

The Board also did not err when it concluded that Claimant's decision not to appeal until after the filing deadline was not a legally sufficient reason to justify her late appeal. Claimant's reliance on *Heck* is misplaced, because there the claimant argued that an administrative breakdown occurred when the UC office mailed his notice to an incorrect address. *Heck*, slip op. at 1.

Here, Claimant does not argue that she did not receive the Notice or that it was sent to an incorrect address. There is no authority in our Court's precedent to equate an alleged legal error by an administrative agency with a breakdown in the administrative process or with fraud. *See Pickering*, 471 A.2d 182; *Phares*, 482 A.2d 1187; *Greene v. Unemployment Compensation Board of Review*, 157 A.3d 983 (Pa. Cmwlth 2017).[6]

Accordingly, the Board's order is affirmed.

_____

MICHAEL H. WOJCIK, Judge

_____

[6] Because we affirm the Board's dismissal of Claimant's appeal as untimely, we need not reach Claimant's second issue of whether the Board erred in denying her benefits under Section 402(b) of the Law.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rosanne Wadsworth, : 
                   : 
              Petitioner : 
                   : 
           v. : No. 436 C.D. 2021 
                   : 
Unemployment Compensation : 
Board of Review, : 
                   : 
             Respondent : 

# **O R D E R**

AND NOW, this 13th day of April, 2022, the order of the Unemployment Compensation Board of Review dated March 30, 2021, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge