IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Aswad,                                    :
                                                 :
                    Petitioner                   :
                                                 :
          v.                                     :  No. 1520 C.D. 2022
                                                 :  Submitted:  February 6, 2024
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                    Respondent                   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOLF                                    FILED:  March 11, 2024


          George Aswad (Claimant) petitions *pro se* for review of the August 11,
2022 order of the Unemployment Compensation Board of Review (Board) that
affirmed the decision of the referee dismissing Claimant's appeal from a notice of
determination as untimely under Section 501(e) of the Unemployment
Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§821(e).  Section 501(e) of the Law provided in relevant part:

> (e)  Unless the claimant . . . files an appeal with the board, from the
> determination contained in any notice required to be furnished by
> the department . . . no later than *fifteen calendar days* after the
> "Determination Date" provided on such notice, and applies for a
> hearing, such determination of the department, with respect to the

Claimant worked for York County (Employer). In April of 2020, Claimant filed for unemployment compensation benefits. On July 7, 2021, the local service center issued a disqualifying separation determination which found Claimant ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b).[2] Certified Record (C.R.) at 11; Referee's Opinion, 3/15/22, Finding of Fact (F.F.) No. 1. The determination indicated that the final date to appeal was July 22, 2021. C.R. at 11; Referee's Opinion, 3/15/22, F.F. No. 2.

Claimant appealed the service center's determination on January 6, 2022. C.R. at 24; Referee's Opinion, 3/15/22, F.F. No. 4. The referee held a telephonic hearing on March 14, 2022. C.R. at 50. Claimant did not appear or participate in the proceeding. Referee's Opinion, 3/15/22 at 2. Citing Section 501(e) of the Law, the referee determined that Claimant's appeal was untimely because it was not filed within 15 calendar days of the service center's determination. *Id.*

---

particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e) (emphasis added). The Act 30 of June 30, 2021, P.L. 173, amended Section 501(e) of the Law increasing the time period from 15 days to 21 days to file an appeal of a notice of determination. The 21-day appeal period applies to notices of determination issued after the amendment's July 24, 2021 effective date. Because the notices of determination were issued before the July 24, 2021 effective date, the 15-day appeal period still applied as opposed to the new 21-day deadline.

[2] Section 402(b) of the Law, provides, in part, that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. 43 P.S. §802(b). Claimant sent a letter to Employer stating, "I am retiring . . . effective June 19, 2020." C.R. at 58. This was the basis for the issuance of a determination disqualifying Claimant under Section 402(b) of the Law. C.R. at 11; Referee's Opinion, 3/15/22, F.F. No. 1.

2

Claimant filed a timely appeal with the Board and requested that the matter be remanded to the referee for another hearing. C.R. at 75. The Board granted the remand request.

The remand hearing was held on June 10, 2022, with the referee acting as a hearing officer.[3] Claimant participated in the hearing and offered testimony. Claimant admitted he received the service center's determination, Board Opinion, 8/11/22, F.F. No. 4; however, Claimant did not have an explanation for why his appeal was filed late. *Id.*, F.F. No. 7. The Board found good cause for Claimant's non-participation in the March 14, 2022 hearing, but ultimately agreed with the referee's determination that Claimant's appeal was untimely. *Id*. at 2.[4] The Board further held that there was no evidence that Claimant was misinformed or misled by the unemployment compensation authorities regarding his right or the necessity to appeal. *Id.*, F.F. No. 8.

---

[3] *See* 34 Pa. Code §101.104(d):

> If the Board determines that a further hearing is necessary, the case shall be remanded to a referee for the purpose of scheduling another hearing, at which hearing the referee shall serve as a hearing officer for the Board, to receive from the parties the additional information as may be pertinent and material to a proper conclusion in the case. After the record has been completed, the entire file and record of evidence shall be returned to the Board for its consideration and the further action as may be deemed appropriate.

[4] The Board's August 11, 2022 opinion indicates that the service center issued two additional determinations on July 8, 2021, finding Claimant was subject to a non-fault unemployment compensation overpayment as well as a non-fraud Federal Pandemic Unemployment Compensation overpayment pursuant to the Coronavirus Aid, Relief and Economic Security (CARES) Act, 15 U.S.C. §§9001-9741. Board Opinion, 8/11/22, F.F. No. 2. Claimant does not appear to challenge the overpayment determinations, and neither determination is included in the certified record of this action.

On appeal to this Court,[5] Claimant does not challenge the Board's determination that his appeal from the service center to the referee was untimely. Rather, Claimant challenges the merits of the service center's determination that he should be denied benefits because he voluntarily quit from his employment.

In response, the Board argues it is undisputed that Claimant's appeal of the service center determination was untimely and that Claimant failed to provide any justification for *nunc pro tunc* relief.

Prior to July 24, 2021, Section 501(e) of the Law provided that a party had 15 days to appeal a determination. 43 P.S. §821(e). If an appeal was not filed within 15 days, "it [became] final, and the Board [did] not have the requisite jurisdiction to consider the matter." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). An appeal filed even one day after the 15-day appeal period is untimely. *Id.* at 198; *see also Walthour v. Unemployment Compensation Board of Review*, 276 A.3d 837, 842 (Pa. Cmwlth. 2022) ("If an appeal from a Department determination is not filed within the 15-day period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the merits of the matter."). The "failure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993).

If a delay in filing an appeal is caused by extraordinary circumstances involving fraud, a breakdown of the administrative process, or non-negligent

---

[5] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

conduct, an appeal *nunc pro tunc* may be permitted. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996). Our Supreme Court has explained that a breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000). "It is well settled that the appeal process will be extended only where it can be shown that the compensation authorities have engaged in fraudulent conduct or its equivalent, *i.e.*, wrongful or negligent conduct." *Pickering v. Unemployment Compensation Board of Review*, 471 A.2d 182, 183 (Pa. Cmwlth. 1984). "The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou*, 942 A.2d at 198.

Here, the local service center's disqualifying separation determination clearly indicated that the last day for Claimant to appeal was July 22, 2021. C.R. at 11. Claimant did not file an appeal until January 6, 2022 -- five months after the expiration of the appeal period. Claimant admitted he received the notices in July 2021 and testified he did not know why he waited until January 2022 to file an appeal. *Id*. at 118. The record is devoid of any evidence involving fraud, a breakdown of the administrative process, or non-negligent conduct warranting *nunc pro tunc* relief.

After careful review, we conclude that there is substantial evidence in the record to support the Board's finding that Claimant did not file a timely appeal under Section 501(e) of the Law and that it was Claimant's own negligence that resulted in the untimely filing, not a breakdown in the administrative process.

5

Accordingly, we affirm the Board's order.


_____
MATTHEW S. WOLF, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Aswad, :
           Petitioner :
     v. : No. 1520 C.D. 2022
           :
Unemployment Compensation :
Board of Review, :
           Respondent :

# **O R D E R**

AND NOW, this 11th day of March, 2024, the order of the Unemployment Compensation Board of Review, dated August 11, 2022, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge